There appears upon the record but one exception to the rulings of the judge below. After instructions upon the law of the case not complained of, the court was asked to inform the jury that, "although they were satisfied from the evidence the prisoner broke and entered into the dwelling-house in the night-time, with the intent to commit a rape on the person of the prosecutrix, yet if he afterwards desisted, on account of the resistance he met with, or through fear, or any other cause, the prisoner was not guilty."
The court declined to give the instructions thus asked, but told the jury, if they were satisfied from the evidence the prisoner broke and entered into the dwelling-house in the night-time with the intent to commit a rape on the prosecutrix, and afterwards, through resistance and fear, abandoned the intent, he was guilty. To this exception is taken.
We see no ground for a question either upon the propriety of refusing the specific instructions asked or upon the propriety of giving the instructions substituted therefor.
The definition of a burglar given by Sir Edward Coke is: "He that by night breaketh or entereth into a mansion house with intent to commit a felony."
A moment's consideration of the elements of this definition will show the groundless nature of this exception. It is apparently based upon the assumption that the felonious intent can only be made evident by its actual execution, which is a great mistake.
(249) This element of the offense may appear from circumstances happening antecedently to the act intended, and so appearing (other elements being conceded), the offense is consummated.
This view of the offense is supported by many adjudged cases and by the uniform practice; and accordingly we find a definition conforming *Page 153 
thereto, adopted by East, Russell, and other text-writers, viz.: "a breaking and entering a mansion house of another in the night with intent to commit some felony within the same, whether such felonious intent be executed or not."
This meets in all respects the case now before us, and by express words disposes of the prisoner's exception.
The case informs us there was evidence as to the intent laid before the jury, and proper instructions in relation thereto given by the court. There is no error, therefore, in the instructions given, and those asked for were rightfully refused.
We have examined the whole record with the care which its importance demands, and find no defect or impediment to hinder the due course of the law.
PER CURIAM. No error.
Cited: S. v. McBryde, 97 N.C. 399.