STATE v. DOCK MORSE AND ·HATTIE TADLOCK.

(Filed 23 February, 1916.)

**1. Fornication and Adultery—Trials—Evidence—Questions for Jury.**
    The evidence upon this trial for fornication and adultery, among other things, as to the relation of the man to his codefendant, his conduct with reference to her, his frequent visits to her house, day and night, etc., is sufficient to sustain a conviction.

**2. Fornication and Adultery—Evidence—Character — Instructions—Trials— Appeal and Error.**
    A defendant upon trial for a crime has the right to offer evidence of his general good character and have it considered by the jury as substantive evidence, and it is reversible error for the trial judge to refuse a requested prayer for instruction to that effect upon such evidence.

CRIMINAL ACTION, tried before *Cooke, J.,* and a jury, at September Term, 1915, of PASQUOTANK.

Defendants were indicted for fornication and adultery, and the defendant Dock Morse, from the judgment rendered upon a verdict of guilty, appealed to this Court.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*P. W. McMullan and Ward & Thompson for defendants.*

WALKER, J.   The appellant moved in the court below for a judgment of nonsuit; but we are of the opinion that there was sufficient evidence of his guilt to be submitted to the jury.   Whether ·he is actually guilty or not is for the jury to decide, after weighing the testimony and ascertaining the facts.   It is not necessary to state the evidence in detail, but it is quite sufficient to say that appellant's relations with his codefendant, his conduct with reference to her, his frequent visits to her house day and night, and his remaining at her home all night, with other circumstances of more or less significance, are sufficient in law for the consideration of a jury.   This motion, therefore, was properly denied.

Several remarks of the court were the subjects of exceptions, and assigned by appellant as error, because they constituted an expression of opinion upon the evidence adverse to him, and injuriously so.   Two of them are properly characterized as such expressions of opinion, and the third was calculated to prejudice the defendant; but we need not discuss them, as they will not occur again, and a new trial should be granted for another reason.

The defendant offered evidence of his good character and requested the court to instruct the jury that they should consider it in passing upon his guilt.   The court refused to do so, and defendant excepted.   We have held repeatedly that a defendant in an indictment for a crime has

the right to prove his good character and to have it considered by the jury, but the proof must be restricted to general character. *S. v. Thornton,* 136 N. C., 610. The question was discussed in *S. v. Cloninger,* 149 N. C., 567, and it was there said that "When a defendant introduces evidence himself to prove his good character, it is substantive evidence of the fact, and may be considered by the jury as such." And in *S. v. Hice,* 117 N. C., 782, it was held, the present *Chief Justice* writing the opinion, that in all cases a person accused of a crime, whatever the grade may be, whether a felony or a misdemeanor, has the right to offer, in his defense, testimony of his good character, citing *S. v. Henry,* 50 N. C., 65; *S. v. Johnson,* 60 N. C., 151; *S. v. Laxton,* 76 N. C., 216; 3 A. and E. Enc. of Law, p. 111. It was further said that this right is not dependent upon the defendant having been examined as a witness in his own behalf, and was recognized long before defendants were allowed to testify in their own behalf, but that it is limited to evidence of general character, "and opens the door, which otherwise would be closed to the prosecution, to show the defendant's general bad character, either by cross-examination of him or by other witnesses." Citing *Rex v. Stannard,* 7 Carr. and P., 673; 2 Hawkins P. C., ch. 46, sec. 194. It follows, therefore, that the refusal of the court to submit the evidence of his character to the jury, as requested by the defendant, was error. The fact, as stated in the case, that the court overlooked the defendant's prayer for the instruction, does not atone for the error and cannot deprive him of the right to another hearing.

New trial.