### STATE v. ZELLA PHILLIPS AND MARY KEY.

(Filed 5 November, 1919.)

**1. Evidence—Nonsuit—Trials—Questions for Jury.**

Upon motion to nonsuit in a criminal action, the plaintiff's evidence is to be considered in the light most favorable to him, and when it is thus found to be sufficient, its weight, and the credibility of the witnesses, are for the determination of the jury.

**2. Evidence—Character—Substantive—Criminal Law—Instructions—Appeal and Error—Harmless Error.**

Testimony as to the character of witnesses other than the parties to a criminal action may not be regarded as substantive evidence, but where a party, with other witnesses, have testified at the trial, the charge of the court will not be held for reversible error when it appears that in apparently instructing otherwise, he could only have been speaking with reference to those witnesses who were not parties.

**3. Witnesses—Evidence—Children—Findings—Appeal and Error.**

The finding of the trial judge as to the competency of a witness to testify on account of his childhood is conclusive on appeal.

**4. Appeal and Error—Objections and Exceptions—Evidence—Restrictions—Rules Supreme Court.**

Exceptions to evidence admitted generally for all purposes, on the ground that it should have been restricted, or that it was incompetent in part, should be based upon the refusal of the trial judge to a request thereto made at the time of its admission, or it will not be considered on appeal. Supreme Court Rule 27.

INDICTMENT for fornication and adultery, tried before *Bryson, J.,* at July Term, 1919, of SURRY.

Defendants were convicted and appealed.

STATE *v.* PHILLIPS.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. L. Reece, J. H. Folger, and J. Crawford Biggs for defendants.*

BROWN, J. The motion to nonsuit was properly overruled. On this motion the evidence must be construed in a light most favorable to the State for the purpose of determining its legal sufficiency to convict, and this being shown, its weight and the credibility of the witnesses are for the determination of the jury. *S. v. Carlson,* 171 N. C., 818. Applying this rule to the State's evidence, it seems clear that there was evidence sufficient. The crime itself is of such a character that its commission, speaking generally, can only be determined by circumstances which accompany the relation of the party. In this case, however, there was direct evidence by the witness, Sarah Key, who testified she saw defendants in bed together on three different occasions. It is useless to discuss this evidence. If it is believed by the jury it is amply sufficient to justify conviction of both defendants. The defendants offered evidence as to their good character, and also there was evidence offered as to the good character of witnesses. The defendant excepted to the following part of the charge:

"Witnesses have been offered as to character. This evidence you will not consider as substantive evidence, but only as corroborative, and the law does not presume that a person proven to be of bad character has necessarily told a false story, but you may consider evidence of good character or bad character as bearing upon the weight you should give the testimony of the witness. You are the sole judges of the facts; you are the sole judges of what the evidence is and the weight you should give it."

It is undoubtedly true that where defendant offers evidence of good character, even without being sworn as witness, it is substantive evidence to be considered by the jury for what it is worth as tending to prove the innocence of the defendant. *S. v. Morse,* 171 N. C., 777. But we think that the defendants were not prejudiced in this case. The judge, in stating that the evidence as to character was referring, not to the character of the accused, but to the witnesses whose characters had been proven. This construction of his Honor's language is borne out by that part of his charge in which he says: "The law does not presume that a person proven to be of bad character has necessarily told a false story, but you may consider evidence of good character as bearing upon the weight you will give to the witnesses."

The other exceptions are entirely without merit. From *S. v. Perry,* 44 N. C., 330, to *S. v. Merrick,* 172 N. C., at 872, it has been consistently held by this Court that the finding by a trial judge that an infant is

competent to testify is conclusive. As to the remaining objection, it is met by Rule 27 of this Court, as follows: "Nor will it be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks, at the time of admission, that the purpose shall be restricted." See *Plemmons v. Murphy,* 176 N. C., 671.

No error.