STATE v. THEODORE COOPER.

(Filed 10 January, 1934.)

**Constitutional Law D b: Criminal Law L c—Finding supported by evi-dence that Negroes were not unlawfully excluded from jury duty is conclusive.**

Where upon a motion to quash a bill of indictment on the ground that defendant was a Negro and that the grand jury returning the bill of indictment and the trial jury were composed exclusively of white men and that persons of defendant's race who were qualified to serve as jurors were excluded from the jury list as prepared by the county com-missioners, the findings of the trial court, after hearing evidence, that the jurors were drawn, sworn and empanelled in accordance with the laws of this State, C. S., 2314, and that there was no discrimination against

persons of defendant's race in making up the jury lists, are conclusive on appeal when supported by sufficient evidence, in the absence of gross abuse.

APPEAL by defendant from *Small, J.,* at May Term, 1933, of DURHAM. No error.

The defendant was tried and convicted of murder in the first degree on an indictment which was returned by the grand jury at May Term, 1933, of Durham Superior Court.

From judgment that he suffer death as prescribed by law (C. S., 4200), by means of electrocution (C. S., 4657), the defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*Moses N. Amis, Amicus Curiæ.*

*Philip A. Escoffery for defendant.*

CONNOR, J. The defendant in this action is a Negro. The trial jury by which he was convicted of murder in the first degree was composed, exclusively, of white men. The indictment on which he was arraigned was returned by a grand jury, which was also composed, exclusively, of white men. The jurors who composed both the trial jury and the grand jury were drawn from the jury box as provided by statute, C. S., 2314. They were drawn, summoned, sworn and empanelled as provided by the laws of this State. There was no contention by the defendant at the trial in the Superior Court, nor is there such contention by him in this Court, that any of the jurors who served in either the trial jury or the grand jury was not duly and legally qualified to serve as a juror on either the trial or the grand jury. At the trial in the Superior Court, the defendant contended that the indictment should be quashed because persons of his race and color, who were qualified to serve as jurors were excluded from the jury list of Durham County, as prepared by the board of commissioners of said county, solely because of their race and color, and that by such exclusion the defendant was deprived of a right guaranteed to him by the Constitution of the United States. This contention was not sustained by the trial court, which denied defendant's motion that the indictment be quashed. Defendant excepted to such denial, and on his appeal to this Court assigns same as error.

Waiving irregularities in the record and defects in the statement of the case on appeal, as certified to this Court, we have considered the only assignment of error on which the defendant relies in this Court. This assignment of error cannot be sustained.

Both the record proper and the statement of the case on appeal show that the defendant offered evidence in the Superior Court in support of his contention, and that this evidence was heard and considered by the judge, who found the facts from the evidence, and on the facts found by him denied defendant's motion that the indictment be quashed. The findings of fact cannot be reviewed by this Court for the reason that there was evidence sufficient to sustain the findings. There was no error in the denial of defendant's motion. *S. v. Daniels,* 134 N. C., 641, 46 S. E., 743; *S. v. Peoples,* 131 N. C., 784, 42 S. E., 814; *Thomas v. Texas,* 212 U. S., 278, 53 L. Ed., 512. In the last cited case it was held that whether or not discrimination against Negroes because of their race or color was practiced by the jury commissioners in the selection of grand jurors or petit jurors is a question of fact, the decision of which by a State court is conclusive on the Supreme Court of the United States, on a writ of error, unless so grossly wrong as to amount to an infraction of the Constitution of the United States.

The evidence set out in the case on appeal leaves no reasonable doubt as to the guilt of the defendant as found by the trial jury. In the absence of any showing in the record or in the case on appeal of an error of law at the trial of the defendant in the Superior Court, the judgment of said court must be affirmed. There is

No error.