## STATE v. CLARENCE LORD.

(Filed 6 June, 1945.)

**1. Jury § 1—**

Where there is nothing to show that members of the Negro race were excluded from the regular panel of jurors or from the special venire ordered by the court of its own motion in a capital case, the trial court having found as a fact that they were not excluded from the jury box and that the Negroes, called as prospective jurors, from the special venire, were challenged for cause by the solicitor as not being freeholders, and there being nothing to show whether the remaining Negroes of the special venire were freeholders or required to be such, no jury defect, bias or harmful error is shown.

**2. Same—**

Upon challenge for cause, in a murder trial, of a juror who has formed and expressed an opinion of prisoner's guilt, where the juror states that he can give a fair and impartial verdict on the evidence in spite of his opinion, the court's finding of indifferency presents no reviewable question of law.

**3. Criminal Law § 33—**

A statement in the nature of a confession, made voluntarily to officers after his arrest by a prisoner charged with a capital crime, is competent and admissible as evidence. It is not essential that the officers should have cautioned their prisoner that any statement he might make could be used against him and that he was at liberty to refuse to answer questions or to make any statement and that such refusal or failure to make any statement could not be used against him.

APPEAL by defendant from *Gwyn, J.,* at January Term, 1945, of CABARRUS.

Criminal prosecution tried upon indictment charging the prisoner with the murder of one Elder Phifer.

The record discloses that the deceased was a girl about seventeen years of age. The defendant had been keeping company with her and had become jealous of her attentions to others, or angered because of her coolness to him, and had threatened to take her life. On Saturday night, 21 October, 1944, between 9 and 10 o'clock, the defendant saw the deceased at a cafe in company with another girl and a boy. He called to her, but she refused his attentions and went into the cafe. The defendant then went to his rooming-house and obtained a shotgun belonging to another occupant of the same house and returned to the cafe. Not finding the deceased there, he took a taxi and went to another cafe, about two and a half miles away, where he stayed until it closed around midnight; then he went to a cotton patch near the home of the deceased and lay in wait for her. As she approached, between 12 and 1 o'clock, the

defendant came from the cotton patch out into the road, and shot and killed her. The defendant then carried the gun back to its owner, said that he had shot the deceased, and asked that the police be notified where he could be found.

On the following day, after his arrest, the defendant made a statement to the officers and recited the facts substantially as above.

The defendant offered no evidence.

Verdict: "We, the jury, find Clarence Lord, the defendant, guilty of murder in the first degree. The jury wishes to announce to the court that we asked for Divine guidance before our deliberation."

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*C. M. Llewellyn for defendant.*

STACY, C. J. The case presents little more than an issue of fact, determinable alone by the jury. The evidence amply supports the verdict. *S. v. Satterfield,* 207 N. C., 118, 178 S. E., 466.

The first assignment of error seeks to raise the question of jury defect and bias, but the exceptions upon which it is based hardly suffice for the purpose. *S. v. Levy,* 187 N. C., 581, 122 S. E., 386. There is nothing to show that members of the Negro race were excluded from the regular panel or the special venire. The trial court found as a fact that they were not excluded from the jury box. The Negroes who were called as prospective jurors from the special venire, which was ordered by the court of its own motion, were challenged by the solicitor for cause, in that they were not freeholders of the county, and the defendant complains that he was thereby deprived of any opportunity to accept or reject any of them. Perhaps every trial lawyer has seen his adversary challenge prospective jurors whom he would like to have serve, but there is nothing he can do about it. The rule works both ways. Nor does it appear whether the remaining Negroes of the special venire were freeholders, or indeed whether any of them were required to be freeholders, depending on whether they were summoned by the sheriff under G. S., 9-29, or drawn from the box pursuant to G. S., 9-30. See G. S., 9-16; G. S., 15-165; *S. v. Levy, supra.* The defendant also complains because he was required to use one of his peremptory challenges to reject a juror who had formed an adverse opinion of his guilt. The court's finding of indifferency or impartiality of the juror presents no reviewable question of law. *S. v. DeGraffenreid,* 224 N. C., 517. Both the challenge to the

array and the challenge to the poll were properly overruled, or at least no error has been made to appear in respect of either.

The statement made by the defendant to the officers in the nature of a confession was found by the court to have been voluntarily made. This rendered it admissible in evidence. *S. v. Biggs,* 224 N. C., 23, 29 S. E. (2d), 121. It was not essential to its competency that the officers should have cautioned the defendant that any statement made by him might be used against him and informed him that he was at liberty to refuse to answer any questions or to make any statement and that such refusal could not thereafter be used to his prejudice. *S. v. Grass,* 223 N. C., 31, 25 S. E. (2d), 193. It is enough that the statement was a voluntary expression. It was made to the officers after the defendant's arrest, but not on the preliminary hearing.

The record is free from reversible error. Hence, the verdict and judgment will be upheld.

No error.