## STATE v. MITCHELL A. HOUGH.

(Filed 5 June, 1947.)

**1. Criminal Law § 52a—**

Upon a motion to nonsuit, the evidence is to be considered in the light most favorable for the State and defendant's evidence in conflict with that of the State will not be considered.

**2. Automobiles § 28e—Evidence of culpable negligence in driving of automobile held sufficient for the jury.**

The evidence tended to show that the car driven by defendant struck the rear of a parked wrecker at nighttime, swerved by the wrecker, ran off to the left side of the highway, ran up and down an embankment, careened back across the highway and turned over about 130 feet from the point of collision. There was evidence tending to show that defendant had been drinking. There was conflict in the evidence as to whether the lights were burning on the wrecker and as to whether it was parked entirely off the pavement and as to whether there was other traffic on the road at the time. *Held:* There was sufficient evidence to support the jury's finding that defendant was guilty of culpable negligence.

**3. Criminal Law § 81c (2)—**

The charge of the court will be considered contextually.

APPEAL by defendant from *Rousseau, J.,* at September Term, 1946, of FORSYTH.

Criminal prosecution on indictment charging the defendant with the slaying of one Cleona Suber, with a deadly weapon, to wit, an automobile.

The State's evidence tends to show that on the night of 17 March, 1946, Clarence Counts was returning in his automobile from a roadhouse near Winston-Salem when he had a puncture. He went to town, secured a wrecker and returned with Albert V. Brown driving. They passed the Counts car, turned the wrecker around and stopped it off the pavement about 10 feet behind the Counts car, with its lights burning, brakes set and the motor running. Before Counts and Brown could get out of the wrecker, it was struck from the rear by a LaSalle car driven by the de-

fendant, and pushed forward about six feet. After striking the wrecker the defendant's car swerved by the wrecker, ran off to the left side of the highway, ran up and down an embankment, careened back across the highway and turned over about 130 feet from the point of collision. The defendant's car was demolished and one of its occupants, Cleona Suber, was killed. Soon after the defendant's car came to rest, someone threw a bottle out of it into the field near-by. It was found to be a pint bottle with a small amount of whiskey in it. The defendant had a strong odor of listerine on his breath. The time of the collision was about 1:30 a.m., and the moon was shining brightly. There was no other traffic in sight at the time.

According to the defendant's evidence he was also returning from a roadhouse, and just before the impact he met a truck-trailer with its lights on, going in the opposite direction. Because of this he did not see the parked wrecker in time to avoid sideswiping it. The wrecker was not entirely off the pavement, and it was unlighted. The defendant says: "I dimmed my lights when I met the trailer, and it was just hazy foggy just a little bit, and just as the trailer part of the truck passed me, I switched my lights back on bright, and there stood this wrecker. . . . I wasn't making over 40 miles per hour. . . . There wasn't a drop of liquor in my car."

At the close of the evidence, the court sustained the motion to nonsuit as to Albert V. Brown and overruled it as to Mitchell A. Hough.

Verdict: Guilty.

Judgment: Six months on the roads.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Deal & Hutchins for defendant.*

STACY, C. J. Viewing the evidence in its most favorable light for the prosecution, the accepted position on motion to nonsuit, it seems sufficient to carry the case to the jury. It is true, the defendant's evidence, if accepted in its entirety, would tend to leave the question of culpable negligence in doubt. *S. v. Lowery*, 223 N. C., 598, 27 S. E. (2d), 638. However, the jury has accepted the State's version of the matter, and rejected the defendant's theory of the case. *S. v. Sudderth*, 184 N. C., 753, 114 S. E., 828. No doubt the force of the impact, the destruction and death which followed the collision, and the circumstances surrounding the incident, led the jury to believe that the defendant's car was being driven faster than he thought or else he was unable to control it. Physical facts speak their own language and are often heard above th[

voices of witnesses. *Atkins v. Transportation Co.,* 224 N. C., 688, 32 S. E. (2d), 209; *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88.

The jury found that the defendant was culpably negligent. There is evidence to support the finding. *S. v. Cope,* 204 N. C., 28, 167 S. E., 456; *S. v. Stansell,* 203 N. C., 69, 164 S. E., 580; *S. v. Satterfield,* 198 N. C., 682, 153 S. E., 155. The facts here are quite different from those appearing in the case of *S. v. Lowery, supra,* upon which the defendant strongly relies.

The exceptions to the charge are also untenable. While somewhat meager in its application of proximate cause, it will do when considered contextually. *S. v. Davis,* 225 N. C., 117, 33 S. E. (2d), 623.

A careful perusal of the record leaves us with the impression that no reversible error has been made to appear. Hence, the verdict and judgment will be upheld.

No error.