### STATE v. WILLIAM HOOPER.

(Filed 17 September, 1947.)

**1. Burglary § 2—**

The commission of the intended felony is not necessary to constitute the crime of burglary, it being sufficient if defendant intended to commit a felony at the time of breaking and entering.

**2. Burglary § 11—**

Evidence tending to show that defendant broke and entered a dwelling house at nighttime, which was then occupied, with intent to commit rape, but that he abandoned his intent and fled when his intended victim turned on the light and screamed, *is held* sufficient to overrule defendant's motion to nonsuit on the charge of first degree burglary, the crime having been consummated with the breaking and entry with felonious intent notwithstanding the later abandonment of the intent.

**3. Burglary § 12b—**

Where, in a prosecution for burglary, all the evidence tends to show burglary in the first degree, an instruction which predicates the right of the jury to return a verdict of guilty of burglary in the second degree upon findings by the jury from the State's evidence of the elements of second degree burglary, is error.

**4. Same: Burglary § 13b—**

In a prosecution for burglary, the jury, even though it finds from the evidence all the elements of burglary in the first degree, may render a verdict of guilty of burglary in the second degree if it deems it proper to do so. G. S., 15-171. An instruction to this effect is mandatory, and a charge that the jury might render the milder verdict even though the evidence "tends" to show the elements of first degree burglary, does not fully comply with the statute.

APPEAL by defendant from *Nettles, J.,* at April Term, 1947, of BUNCOMBE.

Criminal prosecution tried upon indictment charging defendant with the crime of burglary in the first degree.

It is disclosed by the evidence that on the night of 14 March, 1947, the prosecuting witness returned from visiting her husband, who was ill in a hospital. She locked and checked the doors and windows in the apartment, which was located on the ground floor of a two-family apartment house. The apartment was occupied by the prosecuting witness and her son, who was nine years of age, and her daughter, who was three years of age. Her brother and his wife occupied the upstairs apartment. About 12:30 a.m., the defendant broke open a window and entered the apartment. The prosecuting witness was awakened by someone pressing against her legs. She snapped on the light and saw the defendant leaning over the edge of the bed. She screamed and he ran out of her room.

According to the signed statement of the defendant, he entered the apartment through a dining room window, went down the hall and cut off a light that was burning in the bathroom, and then went to the room of the prosecuting witness. He used a flashlight to find his way around in the house. After the defendant was arrested, he told Sheriff Lawrence Brown that he did not enter the apartment of the prosecuting witness to rob her or to murder her. Whereupon the Sheriff asked him the question: "What did you go there for?" and he said, "You know what I went in there for."

Verdict: Guilty of burglary in the first degree. Judgment: Death by asphyxiation. Defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Philip C. Cocke, Jr., and Geo. A. Shuford for defendant.*

DENNY, J. The exceptions to the refusal of his Honor to grant the defendant's motion for judgment as of nonsuit, on the ground that the evidence is insufficient to support a verdict of guilty of burglary in the first degree, cannot be sustained.

It is not necessary that the intended felony be committed in order to establish the crime of burglary. The question is: What was the intent of the defendant at the time of the breaking and entry?

Evidence as to the conduct of the defendant after the breaking and entry may be considered by the jury in ascertaining the intent of the accused at the time of the breaking and entry. But where there is a breaking and entry into the dwelling house of another, in the nighttime, with the intent to commit a felony therein, the crime of burglary is consummated, even though the accused by reason of unexpected resistance or the outcry of his intended victim, may abandon his intent to commit the felony. *S. v. Allen,* 186 N. C., 302, 119 S. E., 504; *S. v. McDaniel,* 60 N. C., 245; *S. v. Boon,* 35 N. C., 244.

The defendant assigns as error the following portion of his Honor's charge: "If you return a verdict of not guilty as to burglary in the first degree and not guilty of attempt to commit burglary in the first degree, you will then consider whether or not the defendant is guilty of burglary in the second degree, the burden being on the State to so satisfy you, that the defendant broke and entered the dwelling house of the prosecuting witness, Mrs. Julia Phillips, with a felonious intent to commit rape, and that it was not then and there occupied by her as a dwelling house, and in the nighttime, and you so find beyond a reasonable doubt, the burden being on the State to so establish, then the Court charges you that you may in such event render a verdict of guilty of burglary in the second

degree even though you find facts sufficient to constitute burglary in the first degree; therefore, in this case the defendant is entitled as a matter of right to have you gentlemen consider whether he is guilty of burglary in the second degree, if you deem it proper to do so, or not guilty." Later in the charge his Honor said: "You have a right, gentlemen of the jury, to render a verdict of guilty of burglary in the second degree in this case although the evidence may tend to show that the building was actually occupied as sleeping quarters by the prosecuting witness and it was in the nighttime, and that the breaking and entering was for a felonious purpose and intent and that it was in the nighttime." We think the above instructions may have been confusing to the jury. All the evidence on this record tends to show that the apartment of the prosecuting witness was actually occupied at the time of the alleged burglarious entry. And, there is no evidence to support a verdict of burglary in the second degree as defined by the statute, G. S., 14-51.

Ordinarily when the evidence tends to show the defendant is guilty of the more serious offense charged in the bill of indictment, a charge on the lesser degrees of the crime will not be held for error. *S. v. Wise,* 225 N. C., 746, 36 S. E. (2d), 230. But here we think his Honor may have misled the jury into believing that their right to bring in a verdict of guilty of burglary in the second degree, as authorized by statute, G. S., 15-171, was dependent upon the finding of certain facts as set forth in the charge on burglary in the second degree. Moreover, the later instruction, as set forth above, relative to the right of the jury to bring in a verdict of guilty of burglary in the second degree, notwithstanding the evidence tended to show that the building was occupied, etc., does not comply fully with the provisions of the statute, G. S., 15-171. The statute gives the jury the right to render a verdict of guilty of burglary in the second degree, not only where the evidence tends to show certain facts, but, "upon the finding of facts sufficient to constitute burglary in the first degree as defined by the statute—if they deem it proper so to do." This instruction is mandatory. *S. v. McLean,* 224 N. C., 704, 32 S. E. (2d), 227.

For the reasons herein stated there must be a new trial, and it is so ordered.

New trial.