STATE v. CLIFTON H. McMAHAN.

(Filed 10 December, 1947.)

**1. Automobiles § 28d—**

In a prosecution for manslaughter, the admission of testimony that defendant "was drinking" when taken in charge at the scene of the wreck cannot be held for prejudicial error because of want of evidence that defendant was intoxicated, when there is ample evidence, including the physical facts, of wanton recklessness, the prosecution not being for drunken driving but for culpable negligence in the operation of an automobile.

**2. Automobile § 28a—**

The court's definition of "involuntary manslaughter" and its distinction between civil and criminal negligence in the operation of an automobile, *held* without error.  G. S., 1-180.

**3. Criminal Law § 53i—**

An instruction, after charging that the jury were to consider defendant's evidence of good character as substantive evidence, that the jury then "ought" to consider it, rather than "were" to consider it, on the question of defendant's credibility as a witness in his own behalf, *is held* without prejudicial error.

APPEAL by defendant from *Rousseau, J.,* at April Special Term, 1947, of GUILFORD (High Point Division).

Criminal prosecution on indictment charging the defendant with the felonious slaying of one Fred Max Farlow.

On Saturday night, 24 November, 1945, between 11:00 and 11:30 p.m., the defendant was driving a 1941 Chevrolet on the Thomasville road in Guilford County. He picked up John Barnes and Max Farlow, hitchhikers, and started with them to High Point. Barnes took a seat in front with the defendant, and Farlow was riding in the back. Barnes says they came into the City on Eighth Street at a speed of 75 or 80 or 85 miles an hour. When they reached Phillips Street at West End in the business section of High Point, the defendant apparently lost control of the car. It skidded off the street, struck a road sign and a telephone pole, clipping them off, and came to rest about 100 feet away when it struck a tree. John Barnes was thrown from the car and Max Farlow, who was on the rear seat, died as a result of injuries sustained.

The policeman who took the defendant in charge at the scene of the accident testified, over objection, that "He was drinking. . . . I smelled some kind of alcohol on him." (Objection; exception.) The defendant was quite abusive to others who undertook to question him about the accident.

The defendant took the stand, and said he was driving between 30 and 35 miles an hour when he reached the business district and that his speed was not over ten miles an hour when he hit the tree. "I was not drinking a drop of any alcoholic beverages of any kind." He attributed the accident to a flat tire.

Verdict: Guilty as charged. The jury recommends mercy of the court.

Judgment: Imprisonment in the State's Prison for not less than two nor more than four years.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Gold, McAnally & Gold for the defendant.*

STACY, C. J. The exception to the testimony of the officer that the defendant "was drinking" when taken in charge at the scene of the wreck, presents no serious difficulty. The defendant is charged with manslaughter, and not with drunken driving as was the case in *S. v. Carroll,* 226 N. C., 237, 37 S. E. (2d), 688, cited and relied upon by the defendant. The court made no reference to this evidence in submitting the case to the jury. Indeed, the force with which the car struck the road sign, the telephone pole and the tree, leaving in its wake manifestations of destruction and injury, is what brought about the defendant's conviction, and rightly so.

The defendant also complains at the court's definition of "involuntary manslaughter," but this was taken almost *verbatim* from *S. v. Stansell,* 203 N. C., 69, 164 S. E., 580, and is unexceptionable. The court recapitulated the evidence, declared and explained the law arising thereon, as he is required to do, G. S., 1-180, and was at pains to point out the difference between civil and criminal negligence in the operation of an automobile. *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

Finally, the defendant says there was error in the following instruction: "You are to consider this character evidence as substantive evidence for the reason that a man of good character is not as likely to commit crime as one of bad, and then you ought to consider this character testimony, gentlemen, as a circumstance . . . with other evidence . . . as bearing upon the weight and credit that you place upon his (defendant's) testimony." The instruction must be upheld on authority of *S. v. Morse,* 171 N. C., 777, 87 S. E., 946; *S. v. Moore,* 185 N. C., 637, 116 S. E., 161, and *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6. *Cf. Morgan v. Coach Co., ante,* 280. Then, too, there was little in the defend-

ant's testimony to help him in the face of the physical facts adduced on the hearing.

The validity of the trial will be sustained.

No error.