## STATE v. FRED SWINNEY AND FRANK SWINNEY.

(Filed 1 March, 1950.)

**1. Automobiles § 28a—**

When an act is in violation of a statute intended and designed to prevent injuries to persons, and is in itself dangerous, and death ensues, the person violating the statute may be held guilty of manslaughter, and in some circumstances of murder.

**2. Automobiles § 28e—**

Evidence that defendant was driving 55 to 70 miles per hour in a congested area where the statutory speed limit was 35 miles per hour, and struck an automobile traveling in the opposite direction, while defendant was on his left-hand side of the highway, resulting in the death of an occupant of the other vehicle, together with the physical surroundings and attendant circumstances of the occurrence, *is held* sufficient to be submitted to the jury on the charge of manslaughter.

APPEAL by defendant, Frank C. Swinney, from *Clement, J.,* October Term, 1949, of ROCKINGHAM.

Criminal prosecution on indictment charging Frank C. Swinney and his brother Fred with (1) "hit and run" driving and (2) with manslaughter.

On the afternoon of 4 December, 1948, Frank Swinney was driving his Ford automobile on Highway No. 87 in Rockingham County, going in the direction of Leaksville, when he ran into a Plymouth automobile, traveling in the opposite direction, and in which Edwin Fuller, his wife and two children were riding. The speed of the Plymouth was about 20 miles an hour. The occupants of both cars were severely injured and Mrs. Fuller was killed instantly.

Fred Swinney, in a Chevrolet pick-up truck, was either following closely or driving side by side with his brother at the time of the collision. The wreck occurred in a congested area where the speed limit was 35 miles an hour.

The evidence is in conflict as to the speed of the cars, but the State's evidence shows that Frank Swinney was driving on his left-hand side

of the road and at a dangerous and much higher rate of speed than that allowed by the traffic laws when the collision occurred—55 to 70 miles an hour.

Fred Swinney was cleared of all charges, while Frank C. Swinney was convicted of manslaughter.

From judgment on the verdict Frank C. Swinney appeals, assigning as error the refusal of the court to sustain his demurrer to the evidence or to dismiss the action as in case of nonsuit.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*P. W. Glidewell, Sr., for defendant.*

STACY, C. J.    The question for decision is whether the evidence taken in its most favorable light for the prosecution suffices to overcome the demurrer and to carry the case to the jury.    The trial court answered in the affirmative, and we approve.

It is conceded that the defendant was violating the traffic laws of the State at the time of the collision.    These were designed to prevent injury to persons and property and to guard against accidents and injuries such as occurred here.    *S. v. McIver,* 175 N.C. 761, 94 S.E. 682.    Moreover, the State's evidence tends to show that the defendant was driving reck-lessly and at a dangerous rate of speed.    The physical surroundings and attendant consequences of the occurrence, which speak their own lan-guage, were also brought to bear on the side of the prosecution.    *S. v. Hough,* 227 N.C. 596, 42 S.E. 2d 659.    The case was properly submitted to the jury.    *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580; *S. v. Miller,* 220 N.C. 660, 18 S.E. 2d 143; *S. v. McMahan,* 228 N.C. 293, 45 S.E. 2d 340; *S. v. Reid,* 230 N.C. 561, 53 S.E. 2d 849.

It is generally held that when an act is in violation of a statute in-tended and designed to prevent injury to the person, and is in itself dangerous, and death ensues, the person violating the statute may be held liable for manslaughter, and under some circumstances of murder.    *S. v. Rountree,* 181 N.C. 535, 106 S.E. 669; *S. v. Trott,* 190 N.C. 674, 130 S.E. 627; *S. v. McIver, supra.*

The difference between civil liability and criminal responsibility for ordinary and culpable negligence was fully explained in the court's charge.    *S. v. Cope,* 204 N.C. 28, 167 S.E. 456.    Indeed the case seems to have been tried in strict conformity to decisions on the subject.

No valid exceptive assignment of error appears on the record, hence the verdict and judgment will be upheld.

No error.