STATE v. GOINS.

## STATE v. JULIUS WINFRED GOINS.

(Filed 11 April, 1951.)

**1. Automobiles § 28e—Evidence of culpable negligence held sufficient in this manslaughter prosecution.**

Evidence tending to show that defendant drove his automobile at a speed of eighty miles an hour or more upon a sharp curve at the crest of a steep grade with the left wheels some three or four feet to the left of the clearly visible center line placed on the highway by the State Highway and Public Works Commission, and struck a car traveling in the opposite direction, killing three occupants of the other car, *is held* sufficient to be submitted to the jury on the charge of involuntary manslaughter, since it tends to show an intentional or reckless disregard of statutes enacted for the safety of persons on the highway, proximately causing the deaths of the occupants of the other car. G.S. 20-141 (b), G.S. 20-146, G.S. 20-148, G.S. 20-150 (d).

**2. Criminal Law § 78e (2)—**

Objection to the court's recapitulation of the evidence and statement of the State's contentions based thereon may not be taken for the first time in the case on appeal.

APPEAL by defendant from *Gwyn, J.,* and a jury, at the December Term, 1950, of RANDOLPH.

Criminal prosecution for involuntary manslaughter arising out of three homicides caused by a collision of two motor vehicles on a public highway.

Three separate indictments were returned against the defendant, Julius Winfred Goins, charging him with the unlawful slaying of Robert Bell, Bailey Martin, and Everett B. Martin. The three indictments were consolidated for trial by consent, and were treated by the court below as separate counts in the same bill. The defendant pleaded not guilty to all charges.

The accident out of which the prosecution arose happened on Route 64 three miles east of Asheboro in Randolph County. Route 64 runs east and west, and is 20 feet wide.

The only evidence at the trial was that of the State. When this evidence is taken in the light most favorable to the prosecution, it is sufficient to establish the matters set out in the next paragraph.

On the afternoon of 7 October, 1950, the defendant was driving a Mercury automobile westerly on Route 64. He met a Plymouth car, which was proceeding along the highway in the opposite direction, upon a sharp curve at the crest of a steep grade where a clearly visible center line had been placed on the highway by the State Highway and Public Works Commission. The Mercury struck the Plymouth at that point, killing Robert Bell, Bailey Martin, and Everett B. Martin, who were

riding in the Plymouth. At the time of the collision, the defendant was driving the Mercury automobile "three or four feet" to his left side of the center line of the highway at a speed of "80 miles an hour or more."

The jury found the defendant guilty as charged in each indictment, and the trial judge imposed sentence as follows: "It is the judgment of the court that the defendant be confined in the State Prison at Raleigh, North Carolina, for a period of not less than four nor more than six years, to be assigned to work under the supervision of the State Highway and Public Works Commission." The defendant excepted and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*
*John G. Prevette for the defendant, appellant.*

ERVIN, J. The defendant's first exception challenges the refusal of the trial court to dismiss the charges against him upon compulsory nonsuits under G.S. 15-173.

The testimony suffices to show that the accused violated statutes enacted by the Legislature to protect human life and limb on the public highways of the State in these particulars: (1) That he drove a passenger carrying motor vehicle upon a public highway in a place outside a business or residential district at a speed greater than fifty-five miles an hour, G.S. 20-141 (b), as rewritten by Section 17 of Chapter 1067 of the 1947 Session Laws of North Carolina; (2) that he failed to drive his motor vehicle upon the right half of the highway, when it was practicable for him to travel on that side of the highway, G.S. 20-146; (3) that he failed to yield to the Plymouth car at least one-half of the main traveled portion of the roadway as nearly as possible when he met it proceeding along the highway in the opposite direction, G.S. 20-148; (4) that he drove his motor vehicle to the left side of the visible center line of the highway upon the crest of a grade in the highway where such center line had been placed upon the highway by the State Highway and Public Works Commission, G.S. 20-150 (d); and (5) that he drove his motor vehicle to the left side of the visible center line of the highway upon a curve in the highway where such center line had been placed upon the highway by the State Highway and Public Works Commission. G.S. 20-150 (d).

The testimony is likewise sufficient to establish both of these additional propositions:

1. That the defendant's violation of the statutes was either (a) intentional, or (b) such as disclosed a reckless disregard of consequence or a heedless indifference to the rights and safety of others and reasonable foresight that injury would probably result.

2. That the defendant's violation of the statutes proximately caused the deaths of the persons named in the indictments.

These things being true, the trial court rightly refused to exonerate the defendant from criminal responsibility for the three deaths by dismissing the charges against him upon compulsory nonsuits. *S. v. Lowery,* 223 N.C. 598, 27 S.E. 2d 638; *S. v. Cope,* 204 N.C. 28, 167 S.E. 456; *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580; *S. v. Agnew,* 202 N.C. 755, 164 S.E. 578.

All remaining exceptions other than those strictly formal in character are addressed to portions of the charge in which the trial court undertook to state the facts in evidence and the contentions of the State based upon them. These exceptions are not subject to review here because they were noted for the first time in the defendant's case on appeal. *S. v. Lambe,* 232 N.C. 570, 61 S.E. 2d 608. But even if they had been taken at the time the charge was delivered, they would be unavailing to defendant for the very simple reason that the trial court stated the testimony given in the case and the contentions of the State legitimately arising upon it with commendable correctness.

As no error was committed on the trial in any matter of law or legal inference, the proceedings had in the court below must be upheld.

No error.