## STATE v. LLOYD HANCOCK.

(Filed 21 May, 1958.)

**1. Automobiles § 39—**

The physical facts at the scene of a collision may speak louder than testimony of witnesses.

**2. Automobiles § 56:    Negligence § 23—**

The wilful, wanton, or intentional violation of a safety statute, or the inadvertent or unintentional violation of such statute when accompanied by recklessness amounting to a thoughtless disregard of consequences or a heedless indifference to the safety of others, constitutes culpable negligence, but the inadvertent or unintentional violation of a safety statute, standing alone, does not constitute culpable negligence.

**3. Automobiles § 59—   Evidence of culpable negligence held insufficient to be submitted to the jury in this prosecution for manslaughter.**

The State's evidence tended to show that defendant was driving his car at a lawful speed, and the physical facts tended to show that he was operating it on his right side of the highway. The only evidence to the contrary was the testimony of one witness, who was following one of the cars involved in the collision, to the effect that he saw the defendant's car approaching from the opposite direction on its left side of the highway, that the preceding car then swerved left, and that defendant's car then swerved to its right, resulting in a head-on collision, all within a distance of approximately 50 feet while the cars were traveling, respectively, approximately 45 and 50 miles per hour. *Held:* The evidence fails to show an intentional, wilful, or wanton violation of G.S. 20-146, or an unintentional violation of this statute accompanied by heedless indifference to the rights and safety of others, and therefore nonsuit should have been entered in this prosecution of defendant for manslaughter.

APPEAL by defendant from *Carr, J.,* October Term 1957 of LEE.

This is a criminal action. The defendant was tried upon a bill of indictment charging him with the felonious slaying of Flonnie Godwin Fisher.

The State's witness, Willard Phillips, testified that he was traveling south on Highway No. 1 on the day in question, about four car lengths behind the Chevrolet car occupied and driven by Flonnie Fisher; that the Chevrolet was traveling about 50 miles per hour. "I had to slow down. * * * There was a lot of traffic and I could not get around it. * * * After I had followed the car approximately two miles, I somehow

noticed her height. She was a fairly short woman. And then I turned and glanced back at the car ahead of me and when I looked at her I saw this other car meeting us on our side of the road; on the right side, * * * in the righthand lane headed south, and about the time I noticed it, she swerved to her left. * * * " He further testified that when Flonnie Fisher swerved to the left on meeting the defendant in the Lincoln car on her right-hand side of the road (defendant's left-hand side of the road), the defendant swerved to his right and the two cars met headon about the center of the highway. "When she swerved to the left the Lincoln car and the Chevrolet were about 50 feet apart. * * * When I first saw the Lincoln car it was only 50 feet from her, close to 50 feet."

After the collision the Chevrolet car came to rest almost directly across the highway, headed east, with its rear wheels resting on the center line of the highway and 4 feet and 3 inches of the Chevrolet automobile was on the west side of the highway. The Lincoln car came to rest with its right front wheel off the pavement on the eastern side of the highway headed in a northeasterly direction with the rear portion of the car occupying the central portion of the eastern half of the highway, or the north-bound lane thereof.

The defendant testified that he never turned left across the center line of the highway and that his car collided with the Fisher car when he was about to meet and pass another car, and that the Fisher car pulled out from behind in an effort to overtake and pass the car the defendant was meeting.

The jury returned a verdict of guilty as charged. From the judgment imposed, the defendant appeals, assigning error.

*Attorney General Patton, Asst. Attorney General McGalliard for the State.*

*Pittman & Staton, Lowry M. Betts, Neill McK. Salmon for defendant.*

DENNY, J.   The defendant's 7th and 23rd assignments of error are directed to the failure of the trial court to allow his motion for judgment as of nonsuit, interposed at the close of the State's evidence and renewed at the close of all the evidence.

Exclusive of the testimony of the witness Phillips, all the other evidence of the State and of the defendant tends to show that the collision occurred not in the center of the highway but in the eastern lane thereof, the defendant's proper lane. Neither does the record contain any evidence tending to show any physical facts by way of tire marks or debris in the highway to indicate that the Lincoln car, driven

by the defendant, was on the wrong side of the highway immediately before or at the time of the collision. On the contrary, the physical facts tend to show otherwise. Sometimes, physical facts at the scene of a collision speak louder than the testimony of a witness or witnesses. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88; *S. v. Hough,* 227 N.C. 596, 42 S.E. 2d 659; *S. v. Blankenship,* 229 N.C. 589, 50 S.E. 2d 724.

Moreover, there is no evidence that the defendant's car was being driven at an excessive rate of speed. The State's evidence is to the effect that Flonnie Fisher was driving her car about 50 miles per hour and never decreased her speed before the collision. The defendant testified that at the time of the collision he was traveling about 40 to 45, not over 50 miles per hour. This is the only evidence disclosed by the record as to the speed of the defendant's car.

It is clear, therefore, that if the Chevrolet was being driven south at 50 miles per hour, and the Lincoln car was being driven north from 40 to 50 miles per hour on its wrong side of the highway, as testified to by the witness Phillips, then the Lincoln car crossed back to its proper side of the highway and the collision occurred within less than one-half of a second from the time the witness testified he first saw the Lincoln car. Certainly this evidence would be, under our decisions, without any probative value if the witness had testified as to the speed of the Lincoln car rather than as to its location on the highway. *Fleming v. Twiggs,* 244 N.C. 666, 94 S.E. 2d 821; *S. v. Becker,* 241 N.C. 321, 85 S.E. 2d 327.

The witness Phillips further testified that he was traveling 50 miles per hour, following the Fisher car; that he "whipped out to miss the wreck * * * I turned right to avoid the collision. * * * I did not see the automobile driven by Mrs. Fisher traveling on the left-hand side of the road at the time the collision occurred."

In *S. v. Cope,* 204 N.C. 28, 167 S.E. 456, Stacy, C. J., speaking for the Court, said: "The violation of a statute or ordinance, intended and designed to prevent injury to persons or property, whether done intentionally or otherwise, is negligence *per se,* and renders one civilly liable in damages, if its violation proximately result in injury to another; for, in such case, the statute or ordinance becomes the standard of conduct or the rule of the prudent man. * * *

"An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence. * * *

"But an unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, is not such negligence as imports criminal responsibility. * * *

"However, if the inadvertent violation of a prohibitory statute or ordinance be accompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, then such negligence, if injury or death proximately ensue, would be culpable and the actor guilty of an assault or manslaughter, and under some circumstances of murder. * * *."

In *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580, the defendant was operating his automobile on the wrong side of the road, at an unlawful rate of speed, while intoxicated.

In the case of *S. v. Spivey,* 230 N.C. 375, 53 S.E. 2d 259, the evidence tended to show that the defendant was intoxicated and that the collision between his automobile and that of a motorcycle, resulting in the death of the cyclist, occurred on the defendant's left side of the highway.

In *S. v. Goins,* 233 N.C. 460, 64 S.E. 2d 289, the defendant was operating his automobile on the left side of the highway at an unlawful rate of speed on a blind curve.

In each of these additional cases the respective defendants operated his automobile (1) on the left-hand side of the road; (2) at an unlawful rate of speed; or (3) in such manner as to disclose a reckless disregard of consequences or a heedless indifference to the rights and safety of others; or (4) while under the influence of an intoxicant. *S. v. Jessup,* 183 N.C. 771, 111 S.E. 523; *S. v. Wooten,* 228 N.C. 628, 46 S.E. 2d 868; *S. v. Swinney,* 231 N.C. 506, 57 S.E. 2d 647; *S. v. Bournais,* 240 N.C. 311, 82 S.E. 2d 115; *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132. Cf. *S. v. Smith,* 238 N.C. 82, 76 S.E. 2d 363 and *S. v. Norris,* 242 N.C. 47, 86 S.E. 2d 916.

The rule in the application of the law with respect to an intentional or unintentional violation of a safety statute is simply this: The violation of a safety statute which results in injury or death will constitute culpable negligence if the violation is wilful, wanton, or intentional. But, where there is an unintentional or inadvertent violation of the statute, such violation standing alone does not constitute culpable negligence. The inadvertent or unintentional violation of the statute must be accompanied by recklessness of probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or of a heedless indifference to the safety of others. *S. v. Miller,* 220 N.C. 660, 18 S.E. 2d 143.

In our opinion, the evidence disclosed on this record fails to show an intentional, wilful, or wanton violation of G.S. 20-146, or an

unintentional violation of this statute accompanied by such recklessness or irresponsible conduct, or heedless indifference to the rights and safety of others, as to import criminal responsibility. *S. v. Cope, supra.*

The ruling of the court below on the motion for judgment as of nonsuit is

Reversed.