STATE OF NORTH CAROLINA v. SAMUEL DEES

No. 7211SC127

(Filed 29 March 1972)

1. Criminal Law §§ 99, 170— question by court — defendant previously fingerprinted

Where defendant had testified on cross-examination as to various crimes for which he had been convicted, and defendant asked for permission to make a statement and asserted that he had been fingerprinted and thought that a State's witness should also have been fingerprinted, it was not prejudicial error for the court to ask defendant, "You had been fingerprinted before haven't you?"

2. Larceny § 3— felony or misdemeanor — market value

The "market value" of a stolen item is used in determining whether the crime of larceny is felonious of nonfelonious.

3. Larceny § 8— amount received from sale of stolen property — market value

In a prosecution for felonious larceny of mechanic's tools, evidence that defendant sold the stolen tools for $50.00 had no relevance to the market value of the tools and did not require the court to submit to the jury an issue of nonfelonious larceny.

4. Larceny § 7— ownership of stolen property — possession

There was no fatal variance between a larceny indictment placing ownership of stolen tools in a corporation and evidence that, although the tools were personally owned by individual mechanics working for the corporation, they were left overnight on the corporation's premises and were in the possession of the corporation at the time of the theft.

APPEAL by defendant from *Clark, Judge,* 23 August 1971 Session of Superior Court held in HARNETT County.

On 29 June 1971, after closing hours, Strickland Motor Company, located in Dunn, N. C., was broken into and a quantity of mechanic's tools were removed therefrom. Defendant was arrested and indicted for felonious breaking or entering and felonious larceny. The State offered the testimony of Sylvester Thompson who stated that he helped defendant remove the tools from an alley behind the Motor Company. Other evidence of the State tended to show that defendant sold the tools to Eugene Chance for fifty ($50.00) dollars and that although the tools were personally owned by the individual mechanics working at Strickland Motor Company, possession and custody of the tools was retained by the Motor Company. Defendant

testified that the State's witness, Sylvester Thompson, had solicited defendant's aid in removing and selling the tools. The jury found defendant not guilty on the first count of the indictment charging felonious breaking or entering and guilty on the second count charging felonious larceny. From the imposition of an active prison sentence, defendant appeals.

*Attorney General Robert Morgan by Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Patrick H. Pope for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first contention is that the trial court erred in asking certain questions of the defendant. The exact language complained of reads as follows:

WITNESS: Your Honor, may I say one word?

COURT: I don't know what you want to say, I will let you start. Go ahead.

WITNESS: Your Honor, I think they should have fingerprinted him too. They fingerprinted me. If they got any fingerprinting on me it was off the box but I have been to Strickland Motor Company looking a job and they did not fingerprint him I don't think so. I won't say yes and I won't say no.

COURT: You had been fingerprinted before haven't you?

WITNESS: Yes, sir, several times.

COURT: You don't know whether they did or did not fingerprint Sylvester do you?

WITNESS: He didn't say nothing about it.

It is not error, as a matter of law, for a trial judge to ask questions of a defendant or witness during the course of that person's testimony. Such questioning becomes error only when it tends to impeach the credibility of the witness in the eyes of the jury, thereby prejudicing defendant. "The judge may not make a statement or ask a defendant or a witness questions tending to impeach him or to cast doubt on his credibility or

which intimate that a fact has or has not been established. However, remarks of the court during a trial will not entitle a defendant to a new trial unless they tend to prejudice the defendant, and the question of whether prejudice resulted is to be considered in the light of the circumstances under which the remarks were made." *State v. Byrd,* 10 N.C. App 56, 177 S.E. 2d 738. The circumstances surrounding the asking of the questions here were, first, the defendant requested to make a statement and then went on to mention the fact that he had been fingerprinted. Prior to the judge's statement and questioning, and in response to a proper question by the solicitor, defendant had recited the various crimes of which he had been convicted. The implication was strong that at some time during his extra-legal career he had been fingerprinted. The Supreme Court in *State v. Kimrey,* 236 N.C. 313, 72 S.E. 2d 677, stated: "It may be conceded that not every ill-advised or inadvertent comment or question of a presiding judge tending to impeach a witness is of sufficient harmful effect to constitute prejudicial error." We hold that the judge's question was not prejudicial error.

[2, 3]  Defendant also contends that the trial court erred in failing to instruct the jury on the lesser included offense of nonfelonious larceny and in failing to submit this to the jury as a possible verdict. "The trial court is not required to charge the jury upon the question of the defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees." 3 Strong, N. C. Index 2d, Criminal Law, § 115, p. 21; see also, *State v. Summers,* 263 N.C. 517, 139 S.E. 2d 627; *State v. Jenkins,* 8 N.C. App. 532, 174 S.E. 2d 690. The "market value" of the stolen item is generally used in determining whether the crime is felonious or nonfelonious. "Thus, in the case of common articles having a market value, the courts have usually rejected the original cost and any special value to the owner personally as standards of value for purposes of graduation of the offense, and have declared the proper criterion to be the price which the subject of the larceny would bring in open market—its 'market value' or its 'reasonable selling price,' at the time and place of the theft, and in the condition in which it was when the thief commenced the acts culminating in the larceny. . . . It has been ruled that the actual value of the thing wrongfully appropriated, rather than the intention of the taker with respect to value, determines the grade of

larceny." 50 Am. Jur. 2d, Larceny, § 45, pp. 209-211. The only evidence offered as to the "market value" of the tools was given by Paul Strickland, owner of Strickland Motor Company, who testified that they were worth, "in the neighborhood of four to seven hundred dollars." There was evidence that defendant sold the tools for $50.00 but the price received for stolen tools has no relevance to the "market value" of those tools. Consequently, the only competent evidence as to the "market value" of the tools was that they were worth more than $200.00. The trial judge did not err in failing to instruct on and submit to the jury the question of nonfelonious larceny.

[4] Defendant's final contention is that the trial judge erred in failing to enter a judgment of dismissal because of a fatal variance between the indictment and proof as to the ownership of the property allegedly stolen. The indictment charges defendant with feloniously stealing certain property of Strickland Motor Company, a corporation. Testimony of one of the State's witnesses, Mr. Paul Strickland, Jr., owner of Strickland Motors, indicated that he did not actually own the tools, which were owned by the individual mechanics, but that they were used in his business and left overnight on the premises. Thus, the tools were in the lawful possession of Strickland Motor Company at the time of the theft. There is, therefore, no fatal variance. *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165.

No error.

Judges BROCK and HEDRICK concur.