STATE OF NORTH CAROLINA v. SAMMY M. STAFFORD

No. 7929SC730

(Filed 19 February 1980)

1. **Burglary and Unlawful Breakings § 4; Larceny § 6.1— value of property taken overstated—harmless error**

     In a prosecution for breaking and entering and felonious larceny, any error in the admission of testimony that the value of the items stolen was $1070, based on replacement cost, was harmless since the larceny in this case was a felony without regard to the value of the property taken.

2. **Burglary and Unlawful Breakings § 5.9— judgment arrested on larceny conviction—felonious breaking or entering conviction unaffected**

   The trial court's arrest of judgment on defendant's conviction of felonious larceny had no effect on defendant's conviction for felonious breaking or entering, since a conviction of breaking or entering under G.S. 14-54(a) did not require that a felony or larceny actually be committed in the building broken into but only that defendant have an intent at the time of breaking or entering to commit the larceny.

3. **Attorneys at Law § 7.2— indigent defendant—judgment for counsel fees—insufficient notice and hearing**

   The trial court erred in entering a judgment against the indigent defendant for attorney's fees without notice or an opportunity to be heard, and a statement printed on the "Affidavit of Indigency" which defendant was required to complete before counsel was appointed for him did not constitute sufficient notice.

APPEAL by defendant from *Barbee, Judge.* Judgment entered 15 March 1979 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 11 January 1980.

Defendant was indicted for breaking and entering and felonious larceny for the theft of tools from Furniture Plastics, Inc. The State presented evidence that sometime between 12 May and 14 May 1978 the loading dock door of Furniture Plastics, Inc. was bent and opened, and a tool box and tools were taken. Curtis Forester, the plant manager, testified that the reasonable market value of the items was $1,070. Two days later he identified the tools and tool box at the jail. On 15 May Officer Price asked defendant to come to the county jail. There defendant was informed of his *Miranda* rights, and he signed the waiver of his rights. Lieutenant Epley then asked defendant a question, to which he replied, "You have got me, and I will tell you about it." He told the officers that he and Larry Downey had parked Downey's Mustang behind the Methodist Church and walked down the railroad track to the plastics plant. He knew the door had been hit with a hammer and would be very easy to open. He took the tools and put them down on the loading dock, and they went back and got the car, put the tools in it and left.

Defendant took Officer Epley to defendant's brother's house, where he said he and Downey had put the tools in a barn. The tools were found there. Defendant's statement to the police was never reduced to writing. His motion to suppress the statement

was denied. In spite of the statement the investigating officers at times during the investigation had doubts as to defendant's involvement in the crime.

The defendant presented no evidence, but moved to dismiss. His motion was denied. Defendant was found guilty of felonious breaking or entering and felonious larceny. The court arrested judgment on the larceny conviction and sentenced defendant to 10 years for breaking or entering. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Grayson G. Kelley, for the State.*

*J. Christopher Callahan for defendant appellant.*

ARNOLD, Judge.

We find no error in the denial of defendant's motions to suppress and to dismiss. Ample evidence appears to support the trial court's finding that defendant's statement to the police was "voluntarily, knowingly, and intelligently made." Any doubts the investigating officers may have had as to defendant's guilt are irrelevant. Moreover, there is no contention that an unreasonable time elapsed between defendant's being advised of his rights and his giving the statement. The State presented evidence of each essential element of the crime.

[1] Defendant argues that Curtis Forester should not have been allowed to testify that the value of the items stolen was $1,070, since he further testified that this was the replacement cost of the items. Defendant is correct that in determining whether a crime is felonious or nonfelonious the proper measure of value is the price the stolen items in their condition at the time they were stolen would bring on the open market. *State v. Dees,* 14 N.C. App. 110, 187 S.E. 2d 433 (1972). However, we find any error in the admission of Forester's testimony to be harmless, since the larceny in the present case is a felony without regard to the value of the property taken. See G.S. 14-72(b)(2) and G.S. 14-54. We reject defendant's argument that the purportedly inflated valuation "inflamed" the jury.

[2] The trial court, apparently upon its own motion, arrested judgment on the conviction of felonious larceny. Defendant argues, therefore, that at the most he can be guilty of misde-

meanor breaking or entering. Generally, a judgment is arrested because of insufficiency in the indictment or some fatal defect appearing on the face of the record. *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972). Assuming that such was the case here (no reason for the arrest of judgment appears in the record on appeal), the arrest of judgment on the conviction for felonious larceny has no effect on the conviction for felonious breaking or entering. The essential elements of felonious breaking or entering are (1) breaking or entering (2) any building (3) *with intent* to commit any felony or larceny therein. G.S. 14-54(a) (emphasis added). It is not necessary for conviction under this statute that a felony or larceny actually be committed in the building. It is merely the *intent* at the time of the breaking or entering to commit the felony or larceny within the building that is required. *State v. Sawyer*, 283 N.C. 289, 196 S.E. 2d 250 (1973). This assignment of error is without merit.

[3] Finally, defendant assigns error to the entry of judgment against him for attorney's fees without notice or an opportunity to be heard. G.S. 7A-455(b) allows the court to enter a civil judgment against a convicted indigent for attorney's fees and costs. Such a judgment was entered against defendant in this case. In *State v. Crews*, 284 N.C. 427, 442, 201 S.E. 2d 840, 849-50 (1974), our Supreme Court vacated such a judgment "without prejudice to the State's right to apply for a judgment in accordance with G.S. 7A-455 after due notice to defendant and a hearing." The State argues here that defendant was given sufficient notice of the possibility of such a civil judgment by the "Affidavit of Indigency" which he was required to complete before counsel was appointed for him. On this form, near the top, in italicized type appears the following: "NOTE: If you are convicted the value of services rendered by the lawyer furnished you will be recorded as a judgment and will be a lien against you." We question the sufficiency of this notice, and we note further that even if it were sufficient, there appears no indication that defendant received any opportunity to be heard on the matter. Guided by the decision in *State v. Crews, supra*, we vacate this civil judgment and remand for a hearing upon proper notice.

In the criminal conviction we find no error.

The civil judgment is vacated and remanded.

Judges CLARK and ERWIN concur.