STATE OF NORTH CAROLINA v. GEORGE McCALL RICK

No. 8127SC200

(Filed 6 October 1981)

1. **Criminal Law § 33.4— evidence of cancer in victim—irrelevancy—harmless error**

In a prosecution for breaking and entering, attempted rape and larceny, testimony by the victim that she had had a breast removed because of cancer and that since being struck by defendant she has suffered a lot with her back and has been diagnosed as having bone cancer was irrelevant, but the admission of such testimony was not so prejudicial that a different result would have insued had such testimony not been admitted.

2. **Larceny § 6.1— value of automobile—incompetent testimony—verdict treated as for misdemeanor larceny**

In a prosecution for larceny of an automobile, the owner's testimony that "if I had been planning to sell it, I wouldn't have sold it for less than two thousand dollars" was incompetent to show value, and where there was no evidence of the value of the stolen automobile, the jury's verdict of guilty of felonious larceny must be treated as a verdict of guilty of misdemeanor larceny.

3. **Rape § 6.1— assault on female—lesser included offense of attempted rape**

Assault on a female is a lesser included offense of the charge of attempted first degree rape as set forth in G.S. 14-27.6.

4. **Rape § 6.1— prosecution for attempted rape—submission of assault on female**

The trial court in a prosecution for attempted first degree rape properly submitted an issue as to the lesser included offense of assault on a female where there was evidence tending to show that defendant grabbed the shoulders of the female victim, pushed her onto a bed, hit her across the face, cut her clothes off, and tied her up and choked her.

APPEAL by defendant from *Ferrell, Judge.* Judgments entered 2 October 1980 in Superior Court, GASTON County. Heard in the Court of Appeals 2 September 1981.

Defendant was indicted for breaking and entering with intent to commit first degree rape, attempted first degree rape, and larceny of a motor vehicle valued at over $400. Defendant was tried by a jury.

State's evidence tended to show that Carrie Jenkins was at home at about 6:00 p.m. on 11 March 1980 when the defendant entered through the front door of her home and stated that he was going to rob her. Defendant pushed her onto a bed and hit

her across the face when she raised up. Defendant took her car keys and a knife from the kitchen. He cut her clothes off, tied her up with strips cut from a blanket and choked her until she told him which key to use on the car. Defendant then left in her car.

At the close of State's evidence, the trial judge ruled that as to the first two charges listed above, he would only submit to the jury the lesser included offenses of misdemeanor breaking or entering and assault on a female. Defendant presented no evidence. The jury convicted the defendant of misdemeanor breaking or entering, assault on a female, and felonious larceny of a vehicle worth more than $400. Consecutive sentences of imprisonment were imposed, and defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Assistant Public Defender R. C. Cloninger, Jr., for defendant appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant presents five arguments on appeal. Two of the arguments raise similar points of evidence, and we will consider them first. Carrie Jenkins was allowed to testify, over defendant's objections, that she had had breast cancer several years before and that her left breast had been removed by an operation. She later testified, again over objection, that since being struck by the defendant she has suffered a lot with her back and has been diagnosed as having bone cancer. In each case, the defendant argues that Jenkins' testimony was irrelevant to the trial and had the effect of exciting sympathy for the witness and prejudice against him. Conceding, *arguendo*, that some of the testimony challenged by the defendant was irrelevant, it still does not follow that defendant is entitled to a new trial.

> [I]f the only effect of the evidence is to excite prejudice or sympathy, its admission *may* be grounds for a new trial. *State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971); *State v. Johnson*, 270 N.C. 215, 154 S.E. 2d 48 (1967). Ordinarily, however, the reception of irrelevant evidence is considered harmless error. *See generally* 1 Stansbury's North Carolina Evidence § 9 (Brandis Rev. 1973). The burden is on the party

who asserts that evidence was improperly admitted to show not only error but also to show that he was prejudiced by its admission. *State v. Agnew*, 294 N.C. 382, 241 S.E. 2d 684 (1978); *State v. Cross*, 284 N.C. 174, 200 S.E. 2d 27 (1973).

*State v. Atkinson*, 298 N.C. 673, 683, 259 S.E. 2d 858, 864 (1979); *see also* G.S. 15A-1443. The State's evidence in this case was short and clear cut. Defendant did not present any evidence. In the present case, we hold that the defendant has not carried his burden of showing that the testimony now challenged was so prejudicial that a different result would have ensued had it not been for the admission of this testimony. These assignments of error are overruled.

[2] Two other assignments of error relate to the felonious larceny charge. The witness Jenkins, when asked for her opinion as to the fair market value of the automobile stolen from her, testified that "if I had been planning to sell it, I wouldn't have sold it for less than two thousand dollars." A motion to strike this answer was denied, and no further evidence of value was introduced. Defendant argues that this answer was incompetent. He further argues that the trial judge should have instructed the jury on the lesser included offense of misdemeanor larceny. We agree with defendant. The testimony quoted above should not have been allowed. The term "value" as used in the statute defining felonious larceny does not mean the price at which the owner would sell. *State v. Haney*, 28 N.C. App. 222, 220 S.E. 2d 371 (1975). Misdemeanor larceny should have been submitted as a possible verdict. These errors, however, relate to only one element of the larceny charge, the value element that distinguishes felonious larceny from misdemeanor larceny. The errors could not have influenced the jury's consideration of the other elements of larceny, and neither the evidence nor the jury instructions as to the other elements of larceny are challenged by the defendant. Therefore, we need not disturb the verdict insofar as it finds the defendant guilty of those elements constituting misdemeanor larceny. The prejudicial effect of these errors may be corrected by our treating the verdict as one of misdemeanor larceny. *See State v. Perry*, 298 N.C. 502, 259 S.E. 2d 496 (1979); *State v. Jones*, 275 N.C. 432, 168 S.E. 2d 380 (1969); *State v. Wiggs*, 269 N.C. 507, 153 S.E. 2d 84 (1967); *State v. Keeter*, 35 N.C. App. 574, 241 S.E. 2d 708 (1978). *Compare State v. Stone*, 245 N.C. 42, 95

S.E. 2d 77 (1956) (wherein admission of incompetent evidence relating to an element of the greater offense was held prejudicial to defendant's right to a fair trial and thus a new trial, rather than resentencing for a lesser offense, was awarded). We vacate the judgment and remand the matter to the Superior Court for entry of a verdict of misdemeanor larceny and for sentencing for that offense.

[3] Defendant's remaining assignment of error challenges the submission of assault on a female as a possible verdict. Defendant denies that assault on a female is a lesser included offense of the charge of attempted first degree rape. The assignment presents an issue of first impression since the statutes dealing with rape and related offenses were rewritten effective 1 January 1980. The former statutory scheme did not recognize the separate crime of attempt to commit rape. "There is no such criminal offense as an 'attempt to commit rape.' It is embraced and covered by the offense of 'an assault with intent to commit rape,' and punished as such." *State v. Hewett*, 158 N.C. 627, 629, 74 S.E. 356, 357 (1912), *quoted with approval in State v. Adams*, 214 N.C. 501, 199 S.E. 716 (1938) and *State v. Green*, 246 N.C. 717, 100 S.E. 2d 52 (1957). Assault on a female was held to be a lesser included offense of assault with intent to commit rape, *State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963); however, that holding does not answer our present inquiry. The new statutory scheme does recognize attempt to commit rape as a separate offense. The pertinent provisions of G.S. 14-27.2 and 14-27.6 are as follows:

§ 14-27.2. First-degree rape.—(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

(1) With another person by force and against the will of the other person, and:

a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

b. Inflicts serious personal injury upon the victim or another person; or

        c. The person commits the offense aided and abetted by one or more other persons.

    (2) With a victim who is a child of the age of 12 years or less and the defendant is four or more years older than the victim.

. . . .

    § 14-27.6. Penalty for attempt.—An attempt to commit first-degree rape as defined in G.S. 14-27.2 . . . is a felony

. . . .

In the present case, the defendant was charged with attempt to commit first degree rape as defined in G.S. 14-27.2(a)(1)a.

The defendant may be convicted of the crime charged or of a lesser degree of the same crime. G.S. 15-170. *See also* G.S. 15-169. *State v. Riera,* 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970), elaborates upon the law as follows:

> It is also well recognized in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment. [Citations omitted.] Further, when such lesser included offense is supported by some evidence, a "defendant is entitled to have the different views arising on the evidence presented to the jury upon proper instructions, and an error in this respect is not cured by a verdict finding the defendant guilty of a higher degree of the same crime, for in such case, it cannot be known whether the jury would have convicted of the lesser degree if the different views, arising on the evidence, had been correctly presented in the court's charge." [Citations omitted.]

Therefore, in deciding whether the trial court erred in submitting assault on a female as a lesser included offense of the charge of attempted first degree rape, we must consider (1) whether the charge of attempted first degree rape includes all the essential elements of assault on a female and (2) whether there was some evidence to support a finding of assault on a female.

An indictment is insufficient to charge the commission of a lesser included offense unless, in charging the greater offense, it necessarily includes within itself all of the essential elements of the lesser offense. *State v. Rorie*, 252 N.C. 579, 114 S.E. 2d 233 (1960); *State v. Chavis*, 9 N.C. App. 430, 176 S.E. 2d 388 (1970). The indictment in the present case charges, in pertinent part, that the defendant "unlawfully and wilfully did feloniously attempt to ravish and carnally know Carrie Leonard Jenkins, a female of the age of twelve years and more, by force and against her will by overcoming her resistance and procuring her submission by the use of a deadly weapon." The essential elements of assault upon a female are (1) assault and (2) upon a female person by a male person. *State v. Craig*, 35 N.C. App. 547, 241 S.E. 2d 704 (1978). Although G.S. 14-33 prescribes a greater punishment if the defendant is over 18 years of age, the defendant's age is not an essential element of the crime of assault upon a female and need not be alleged. *Id.* The element of assault, which is defined at common law as "an intentional offer or attempt by force and violence to do injury to the person of another," *State v. Hill*, 6 N.C. App. 365, 369, 170 S.E. 2d 99, 102 (1969), is necessarily included within the allegation that defendant "wilfully did feloniously attempt to ravish and carnally know [the victim] by force and against her will by overcoming her resistance and procuring her submission by the use of a deadly weapon." The element that the victim be a female person and the defendant a male person is also sufficiently alleged in the indictment in this case. The indictment identifies the victim as "a female of the age of 12 years or more." Although the indictment does not assert that the defendant is a male person, this need not be alleged specifically when the indictment charges a rape or related offense since the defendant's sex may be assumed from the nature of the offense charged. *State v. Craig, supra.* We thus conclude that all of the essential elements of assault on a female are necessarily included within the allegations of the present indictment for attempted first degree rape.

[4] Next, we must consider whether there was some evidence that the crime of assault on a female was committed. We find that there was. The evidence tended to show that the defendant grabbed the shoulders of the victim, who was a female person, and pushed her onto a bed. The defendant hit her across the face, cut her clothes off, tied her up and choked her. We find the evidence

sufficient to show an assault on a female. Although there was no testimony as to the defendant's age (so as to justify the greater punishment imposed by the trial court), there is a rebuttable presumption that the defendant is over 18 years of age which, in the absence of evidence to the contrary, is evidence for the jury to consider. *State v. Courtney*, 248 N.C. 447, 103 S.E. 2d 861 (1958).

The result is as follows:

As to misdemeanor breaking or entering and assault on a female, no error.

As to felonious larceny, judgment vacated and remanded for entry of a verdict of misdemeanor larceny and for sentencing for that offense.

Judges MARTIN (Harry C.) and BECTON concur.