STATE OF NORTH CAROLINA v. VINCENT QUINTIN DAVIS

No. 8226SC1179

(Filed 20 September 1983)

**Burglary and Unlawful Breakings § 5— first degree burglary—intent to commit larceny—sufficiency of evidence**

The State's evidence in a first degree burglary case was sufficient to raise an inference of an intent to commit larceny as alleged in the indictment where it tended to show that defendant was seen standing at the bedroom door of the female owner of the dwelling in question with his pants unzipped and his belt jingling, that the owner knew defendant, and that defendant and the owner had seen each other at a bar earlier in the evening and defendant knew the owner would not be at home when he entered the dwelling.

APPEAL by defendant from *Burroughs, Judge*. Judgment entered 3 June 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 August 1983.

The defendant was tried on a bill of indictment charging him with the first degree burglary of a dwelling house occupied by 12-year-old Bavonne Little on or about 10 October 1981, at nighttime, and with the intent to commit the felony of larceny. At home during the night in question, other than Bavonne Little, were her cousin Tammy Carruthers, and her cousin's boyfriend Jerome Calvin, both of whom were sleeping in Little's mother's bedroom. Laverne Adams, the mother of Bavonne Little, was not at home.

Bavonne Little testified that she awakened at about 1:45 a.m. and saw the defendant coming out of her mother's bedroom. She saw nothing in his hands, but noticed that his pants were un-

zipped and that his belt was jingling. After she turned on a hallway light, she saw the defendant slipping and sliding, and then falling down the stairs. After the defendant had left the apartment, Bavonne Little went downstairs to the kitchen and found the previously near-closed kitchen window wide open, and the defendant was gone.

Laverne Adams, the mother of Bavonne Little, testified that she had long been friends with the defendant. She stated that she had seen the defendant on the night of the burglary at the L and P Lounge, a local bar. Although she said she was still at the bar when the defendant left, she did not know exactly what time he had left. She further stated that the defendant did not have her permission to enter the dwelling that night.

At the close of the State's evidence, the defendant moved to dismiss and renewed the motion at the close of all the evidence. The trial court denied the motion.

At the close of all the evidence, the defendant tendered two written requests for jury instructions. The first instruction explained that specific felonious intent is an essential element of first degree burglary. The second requested instruction defined larceny, the felony allegedly intended by the defendant. Both instructions were refused by the trial court.

After being instructed that they could return a verdict of first degree burglary, non-felonious breaking and entering, or not guilty, the jury returned a verdict of guilty of first degree burglary.

*Attorney General Edmisten, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Anne Duvoisin for the defendant-appellant.*

ARNOLD, Judge.

The defendant contends that the trial court erred when it denied his motion to dismiss as there was no evidence that he had the intent to commit larceny, the underlying felony to the charge of first degree burglary. The defendant further contends that the State's evidence goes only to show that his intent was to commit some sexual offense, thereby negating any inference that the intent was larcenous.

Felonious intent is an essential element of burglary which must be alleged and proved. In addition, the State is held to proof of the intent alleged in the indictment. *State v. Thorpe*, 274 N.C. 457, 164 S.E. 2d 171 (1968). However, "in the absence of proof to the contrary, a reasonable inference of felonious intent may be drawn from the fact that an individual broke into and entered the dwelling of another at night." *State v. Simpson*, 303 N.C. 439, 449, 279 S.E. 2d 542, 548 (1981).

The defendant bases his contention that any intent demonstrated on the night of the burglary was not larcenous, but purely carnal in nature, and thus a different intent than that alleged in the indictment, on evidence that Laverne Adams knew the defendant, that the defendant had no burglary tools in his possession, and that the defendant was seen standing at Laverne Adams' bedroom door with his belt jingling and his pants unzipped.

The evidence in question does not require an inference of intent to commit a sexual offense as defendant argues. Laverne Adams knew the defendant, and had seen him earlier at the Lounge, permitting an inference that the defendant knew she would not be at home when he entered the dwelling. Moreover, burglary tools are not required to show the existence of larcenous intent. Sufficient circumstantial evidence was presented to raise the inference of intent to commit larceny. There is no error in the denial of defendant's motion to dismiss.

The defendant also contends that the trial court erred in charging the jury on first degree burglary, and in failing to instruct on the definition of larceny and on their duty not to convict upon some abstract theory of law, but only upon the specific felonious intent alleged. We find no error in the court's instruction on first degree burglary. The second part of defendant's argument is not before us. Notwithstanding his contentions about the court's refusal to give his requested instructions on the elements of larceny, the record contains no exception to the court's refusal to give the requested charge. Rule 10, Rules of Appellate Procedure.

No error.

Judges WELLS and EAGLES concur.