STATE OF NORTH CAROLINA v. GEORGE ANTHONY MORRIS

No. 8526SC632

(Filed 4 March 1986)

1. **Larceny § 6.1— value of property stolen—replacement value not proper method**
    Replacement value is not the proper method for determining value under the larceny statute, N.C.G.S. 14-72. Rather, the proper measure of value is the price the stolen goods would bring in the open market in the condition they were in at the time they were stolen.

2. **Larceny § 8— felonious larceny case—incompetent evidence of value—failure to instruct on misdemeanor larceny**
    The trial court in a felonious larceny case did not err in refusing to instruct the jury on the lesser included offense of misdemeanor larceny, notwithstanding the only evidence to show that the stolen property exceeded $400 in value was incompetent evidence of replacement value, where defendant failed to object to such evidence, and there was no evidence that the value of the stolen goods was less than $400.

    Judge BECTON dissenting.

APPEAL by defendant from *Friday, Judge*. Judgment entered 19 February 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 October 1985.

*Attorney General Lacy H. Thornburg by Assistant Attorney General David E. Broome, Jr., for the State.*

*Public Defender Isabel Scott Day by Assistant Public Defender Gail M. Phillips for defendant appellant.*

COZORT, Judge.

The defendant was convicted, upon an indictment proper in form, of felonious larceny and was sentenced to four years in prison. Defendant was acquitted of felonious breaking and entering. The defendant appealed his conviction assigning error to the trial court's refusal to instruct the jury on the lesser included offense of misdemeanor larceny. We hold that the judge's failure to instruct on the lesser included offense was not error. The evidence follows.

On 6 July 1984 at approximately 2:15 a.m., the defendant was observed by Officer R. S. Miller of the Charlotte Police Department pushing a lawn mower and edger down Cove Creek Road in Charlotte near The Plaza. Officer R. L. Matthews also observed the defendant with a lawn mower and edger in the Cove Creek area. Officer Matthews stopped the defendant and questioned him. The defendant told Officer Matthews that he borrowed the items from a friend in the area. After further investigation it was discovered that a lawn mower and edger were missing from the Gouch residence at 5827 The Plaza. Mr. Charles Gouch identified the stolen items as a "Lawn Boy" mower and a "Sears" edger. Gouch testified that the replacement value for the two items was $500.00. No other evidence as to value was presented at trial.

The sole issue presented on appeal is whether the trial court erred by refusing to instruct the jury on the lesser included offense of misdemeanor larceny where the only evidence as to the value of the stolen items was an estimated replacement value.

[1, 2] G.S. 14-72 provides that one is guilty of felonious larceny if he commits larceny after a breaking or entering or if the property taken exceeds $400.00 in value. Defendant argues that replacement value is not the proper method for determining value under

G.S. 14-72. We agree. The proper measure of value is the price the stolen goods would bring in the open market in the condition they were in at the time they were stolen, not their replacement value. *State v. Stafford*, 45 N.C. App. 297, 299, 262 S.E. 2d 695, 696 (1980); *State v. Dees*, 14 N.C. App. 110, 187 S.E. 2d 433 (1972). However, in this case Gouch's statement as to value was admitted into evidence without an objection or a motion to strike by the defendant. Incompetent evidence, if not objected to, can be sufficient to take the case to the jury. *State v. Haney*, 28 N.C. App. 222, 220 S.E. 2d 371 (1975). There was no evidence that the value of the stolen goods was less than $400.00; therefore it was not prejudicial error to fail to instruct the jury on misdemeanor larceny. *Id.; cf. State v. Rick*, 54 N.C. App. 104, 106, 282 S.E. 2d 497, 499 (1981). (Evidence of value was properly objected to and the trial court should have instructed on misdemeanor larceny.)

No error.

Judge WEBB concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Mr. Gouch testified that he had owned the lawn mower and edgers for two years but had no recollection of the price he paid for the items originally. Considering this testimony and the absence of evidence relating to the condition of the two-year-old stolen property, the jury could have rejected the unobjected-to replacement value testimony as easily as it could have accepted it. In its instructions to the jury, the trial court stated: "[defendant] denies the property is worth this amount [$400.00] of money." Because the jury could have found from the evidence and the reasonable inferences therefrom that the value of the stolen items did not exceed $400.00, I believe the trial court erred in refusing to give the tendered instruction on misdemeanor larceny. *See State v. Rick*, 54 N.C. App. 104, 106, 282 S.E. 2d 497, 499 (1981). I, therefore, vote for a new trial.