State v. Wortham

No error.

Chief Judge HEDRICK and Judge EAGLES concur.

STATE OF NORTH CAROLINA v. RICKY DEAN WORTHAM

No. 8512SC806

(Filed 1 April 1986)

1. **Criminal Law § 146.2— lesser included offense—sufficiency of indictment—failure to object at trial—consideration on appeal**

   Whether assault on a female is charged as a lesser included offense by an indictment charging attempted rape questions the sufficiency of the indictment, and the issue may therefore be raised on appeal even in the absence of timely objection at trial.

2. **Rape and Allied Offenses § 3.1— attempted rape charged—assault on female as lesser offense**

   An indictment charging attempted rape necessarily includes assault on a female as a lesser offense.

3. **Burglary and Unlawful Breakings § 5.6— first degree burglary—target felony thwarted—sufficiency of evidence**

   There was no merit to defendant's contention that evidence of first degree burglary was insufficient to be submitted to the jury because the State failed to show the requisite felonious intent to commit rape and larceny where the evidence tended to show that the male defendant broke into the sleeping female victim's home; while the victim slept, defendant slit open her underpants; the victim testified that, when she awoke, the intruder was leaning over her "getting ready to crawl on top" of her; it was no defense that defendant abandoned his felonious intent and fled when the victim screamed; and evidence of defendant's unauthorized entry at night and flight upon discovery, in the absence of any other explanation, would support an inference of larcenous intent.

4. **Criminal Law § 34.5; Rape and Allied Offenses § 4.1— evidence of defendant's prior similar conduct—admissibility**

   In a prosecution of defendant for first degree burglary and attempted rape where the evidence tended to show that defendant entered the home of a sleeping female and slit her underpants, the trial court did not err in admitting evidence that defendant had committed similar conduct two or three years earlier. N.C.G.S. 8C-1, Rule 404(b).

APPEAL by defendant from *Johnson (E. Lynn), Judge.* Judgment entered 14 March 1985 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 11 December 1985.

This is a criminal action involving convictions for first-degree burglary and assault on a female.

Defendant was tried upon indictments proper in form for first degree burglary, larceny and attempted rape. The State's evidence tended to show the following: On a hot August evening, the victim fell asleep on a sofa underneath an open window. One of her children slept at the other end of the sofa, while another slept on the floor in the same room. The victim awoke to find a man, whom she positively identified as defendant, leaning over her through the window "getting ready to crawl on top" of her. The victim jumped up and screamed, and the intruder jumped back outside. The two children testified that they woke up and saw the man, whom they identified as defendant (who lived nearby and was known to the family), in the yard. The screen in the window had been bent and pulled out. The victim's panties, which were intact and fit properly when she went to sleep, had been slit open. In addition a child's watch was missing.

The State also presented evidence that two or three years earlier, another woman had been awakened in her home by defendant. Defendant had slit her pants open and had his hand between her legs. She resisted his sexual advances and defendant fled.

Defendant presented alibi evidence. The jury acquitted defendant of larceny and attempted rape, but found him guilty of the lesser charge of assault on a female and guilty of first degree burglary. At the sentencing stage the trial court found that defendant had prior convictions and sentenced him to serve a term in excess of the presumptive. He appeals.

*Attorney General Thornburg, by Assistant Attorney General Henry T. Rosser, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for the defendant-appellant.*

EAGLES, Judge.

I

**[1]** Defendant first assigns error to the court's sentencing him for assault on a female, on the grounds that assault on a female is not a lesser included offense of attempted rape. We note that defendant did not object to the submission of the offense to the jury. Failure to object at trial ordinarily waives the right to assert error on appeal. App. R. 10(b)(2). However, the sufficiency of a criminal charge may be challenged without any exceptions or assignment of error having been made. App. R. 10(a). It is well established that an indictment for a greater offense is a sufficient charge of all lesser included offenses. G.S. 15-170; *State v. Young*, 305 N.C. 391, 289 S.E. 2d 374 (1982). By analogy, whether assault on a female is charged as a lesser included offense by an indictment charging attempted rape questions the sufficiency of the indictment. Accordingly, the issue may be raised on appeal, even in the absence of timely objection at trial. App. R. 10(a). *Compare State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) (absent plain error, which did not occur, must be timely objection to lack of instruction on proper lesser included offense).

A

In *State v. Weaver*, 306 N.C. 629, 295 S.E. 2d 375 (1982), our Supreme Court definitively held that the determination of whether one crime is a lesser included offense of another is made on a definitional, not a factual, basis. The Court expressly rejected the contention that under certain factual circumstances one offense might become a lesser included offense of another. Rather, all essential elements of the lesser offense must be completely covered by the essential elements of the greater offense. *Id.* at 635, 295 S.E. 2d at 378-79. *Followed State v. Roberts*, 310 N.C. 428, 312 S.E. 2d 477 (1984); *State v. Odom, supra*. Defendant relies heavily on the *Weaver* definitional test.

B

Defendant was indicted for attempted rape, not rape itself. While both attempted rape and assault on a female are lesser included offenses of rape, as recognized by G.S. 15-144.1 and G.S. 15-169, it does not necessarily follow from that fact alone that assault on a female is a lesser included offense of attempted rape.

C

The two essential elements of attempted rape are: (1) the *intent* to commit the rape and (2) an *overt act* done for that purpose which goes beyond mere preparation but falls short of the completed offense. *State v. Freeman*, 307 N.C. 445, 298 S.E. 2d 376 (1983); *followed State v. Bell*, 311 N.C. 131, 316 S.E. 2d 611 (1984). *Compare* 65 Am. Jur. 2d, Rape, Section 26 (1972) (force necessary element). By the sexual acts involved, rape and attempted rape necessarily require a male perpetrator and a female victim. *See State v. Barnes*, 307 N.C. 104, 296 S.E. 2d 291 (1982). Although the statute prescribing penalties, G.S. 14-27.6, distinguishes between attempts to commit first-degree rape and attempts to commit second-degree rape, the above definition of the crime does not. Nevertheless the definition applies to both levels of the crime of attempted rape. *Freeman, supra* (second-degree), *Bell, supra* (first-degree).

The distinction between "mere preparation" and "attempt" cannot always be drawn with precision. The overt act necessary for an attempt must be some step in a direct movement toward the commission of the offense after the preparations are made, which act in the ordinary course of things would result in consummation of the crime. *State v. Addor*, 183 N.C. 687, 110 S.E. 650 (1922); *see State v. Jones*, 227 N.C. 402, 42 S.E. 2d 465 (1947); *see also United States v. Jackson*, 560 F. 2d 112 (2d Cir.) ("substantial step" required), *cert. denied sub nom. Jackson v. United States*, 434 U.S. 941, 54 L.Ed. 2d 301, 98 S.Ct. 434 (1977), *cert. denied sub nom. Allen v. United States*, 434 U.S. 1017, 54 L.Ed. 2d 762, 98 S.Ct. 736 (1978).

D

The essential elements of assault on a female, G.S. 14-33(b)(2), are (1) assault (2) upon a female person (3) by a male person. *State v. Craig*, 35 N.C. App. 547, 241 S.E. 2d 704 (1978). Age is not an essential element of the offense. *Id.* An assault is an overt act or an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm. *State v. Jeffries*, 57 N.C. App. 416, 291 S.E. 2d 859, *disc. rev. denied and appeal dismissed*, 306 N.C. 561, 294 S.E. 2d 374 (1982). While the civil

tort of assault requires proof of actual apprehension of harmful contact on the part of the victim, *McCraney v. Flanagan*, 47 N.C. App. 498, 267 S.E. 2d 404 (1980), criminal assault does not require proof of actual apprehension, so long as there is evidence of some overt act sufficient to put a person of reasonable firmness in apprehension of immediate bodily harm. *State v. Musselwhite*, 59 N.C. App. 477, 297 S.E. 2d 181 (1982).

E

Whether the overt act involved in attempted rape necessarily includes the overt act in assault on a female is the determinative question here. Our decision in *State v. Rick*, 54 N.C. App. 104, 282 S.E. 2d 497 (1981), while helpful, does not control. In *Rick* we considered an indictment which charged attempted rape of the victim "by force and against her will by overcoming her resistance and procuring her submission by the use of a deadly weapon," holding that this charge included assault on a female as a lesser offense. *Id.* at 109, 282 S.E. 2d at 500-1. The *Rick* indictment's language did not charge attempted rape in general terms, as in the instant case, but instead specifically charged attempted first-degree rape with the use of a deadly weapon. G.S. 14-27.2(a).

F

[2]   Applying the definitional test established in *Weaver*, we conclude that the definition of attempted rape necessarily includes assault on a female. Rape is, after all, a crime of violence. Force sufficient to accomplish the act of intercourse can constitute sufficient force to support a conviction. *State v. Aiken*, 73 N.C. App. 487, 326 S.E. 2d 919 (victim helpless), *disc. rev. denied and appeal dismissed*, 313 N.C. 604, 332 S.E. 2d 180 (1985). The victim of rape has obviously suffered "immediate bodily harm" simply by the act of non-consensual intercourse. Since assault has always been a lesser included offense of rape, both before and after *Weaver*, G.S. 15-144.1, it follows under *Weaver* that the same force and harm can suffice to support a conviction for either offense. As a practical matter, we cannot conceive of any act which would constitute a step in a direct movement toward a rape and which would in the ordinary course of events result in a consummated rape which would not put a person of reasonable firmness in apprehension of such immediate bodily harm. *See State v. Addor, supra; State v. Musselwhite, supra*. Accordingly, we hold that an

indictment charging "attempted rape" necessarily includes assault on a female as a lesser offense.

In reaching this result we rely in part on *State v. Freeman, supra.* There, without discussing the *Weaver* definitional test, the Supreme Court held that defendant was properly convicted of assault on a female under an indictment charging "attempted rape." Because defendant in *Freeman* did not challenge the sufficiency of the charge or assign error to the submission of the lesser offense, Records & Briefs, N.C. Supreme Court, *State v. Freeman,* No. 514A82 (1982), the question before us here was not squarely presented there. We presume, however, that the *Freeman* court reached its decision in full awareness of its decision in *Weaver. See Cole v. Cole,* 229 N.C. 757, 51 S.E. 2d 491 (1949) (overruling by implication not favored). Accordingly, we overrule defendant's first assignment of error.

## II

[3]  Defendant's second assignment of error attacks the sufficiency of the evidence of first-degree burglary on the grounds that the State failed to show the requisite felonious intent. The indictment charged that the burglary was committed with the intent to commit rape and larceny. As to this assignment, we consider the evidence in the light most favorable to the State, with every reasonable and favorable inference therefrom. *State v. Earnhardt,* 307 N.C. 62, 296 S.E. 2d 649 (1982). We note that the evidence clearly establishes, and that defendant does not dispute, that a breaking and entering took place. *See State v. Yarborough,* 55 N.C. App. 52, 284 S.E. 2d 550 (1981) (defendant cut screen and stuck arm through hole; sufficient).

## A

Our court recently reversed a conviction for first-degree burglary where the only evidence of intent to rape was that defendant entered the room of a sleeping woman and threatened her with a gun. *State v. Rushing,* 61 N.C. App. 62, 300 S.E. 2d 445, *aff'd,* 308 N.C. 804, 303 S.E. 2d 822 (1983). We held there that in the absence of "some overt manifestation of an intended forcible sexual gratification," *Id.* at 66, 300 S.E. 2d at 449, the conviction could not stand. *See also State v. Freeman, supra* (no overt sexual conduct; only evidence of intent ambiguous statement; re-

versed); *State v. Dawkins*, 305 N.C. 289, 287 S.E. 2d 885 (1982) (defendant's unusual clothing not sufficient evidence of intent).

Here, however, there was evidence of an overt manifestation of intended sexual gratification: that while the victim slept defendant slit open the crotch of the panties she was wearing. This constituted overt "sexual behavior" from which a rational trier of fact could find an intent to commit rape. *State v. Powell*, 74 N.C. App. 584, 328 S.E. 2d 613 (1985) (defendant entered bedroom, undressed, and fondled his private parts; conviction upheld); *see also State v. Norman*, 14 N.C. App. 394, 188 S.E. 2d 667 (1972) (physical assault, but no evidence of sexual conduct other than touching breast; conviction upheld); *State v. Boon*, 35 N.C. (13 Ired.) 244 (1852) (grasped ankle; conviction upheld). Indeed, we can think of no purpose, other than a sexual purpose, for an adult male to slit open the crotch of the panties worn by a sleeping adult female. In addition, the victim testified that the intruder was leaning over her, "getting ready to crawl on top" of her. Taken together this evidence adequately supported a finding of intent to rape.

B

Defendant makes much of the fact that as soon as the victim screamed, he fled. The requisite felonious intent need exist only at the time of the breaking and entering. It is no defense that the defendant later abandoned his intent because of unexpected or startling resistance or outcry. *See State v. Sweezy*, 291 N.C. 366, 230 S.E. 2d 524 (1976); *State v. Hooper*, 227 N.C. 633, 44 S.E. 2d 42 (1947).

C

The indictment charged first-degree burglary with intent to commit the felonies of rape and larceny. It is well established that evidence of unauthorized entry at night and flight upon discovery, in the absence of any other explanation, will support an inference of larcenous intent. *State v. Goodman*, 71 N.C. App. 343, 322 S.E. 2d 408 (1984), *disc. rev. denied*, 313 N.C. 333, 327 S.E. 2d 894 (1985), *following State v. Sweezy, supra, and State v. McBryde*, 97 N.C. 393, 1 S.E. 925 (1887). The fact that the jury found that defendant did not accomplish the larceny does not negate the inference, since it is the intent at the time of the breaking and entering that is determinative. Cases such as *State v. Lamson*, 75

N.C. App. 132, 330 S.E. 2d 68, *disc. rev. denied*, 314 N.C. 545, 335 S.E. 2d 318 (1985) are distinguishable, because those cases, unlike the instant case, involved some evidence tending to rebut the inference. In *Lamson*, the defendant presented evidence that he mistook the prosecuting witness' house for that of a friend who lived next door. In *State v. Moore*, 62 N.C. App. 431, 303 S.E. 2d 230 (1983), there was evidence of entry under duress. In both cases we held that the State could not rely solely on the inference of larcenous intent to go to the jury on a charge of first-degree burglary in the face of explanatory evidence. Evidence of intent to commit other crimes, however, does not negate the inference of larcenous intent. *See State v. Davis*, 64 N.C. App. 186, 306 S.E. 2d 829 (1983) (sexual intent), *disc. rev. denied*, 310 N.C. 478, 312 S.E. 2d 887 (1984). Defendant offered no explanation for his presence in the victim's home, nor did the circumstances disclose any legitimate explanation. We conclude that the charge of first-degree burglary was properly submitted to the jury.

### III

**[4]** Finally, defendant assigns error to the admission of the evidence of defendant's involvement in the other incident. As noted above, the other incident also involved unauthorized entry into the home of a sleeping female and the surreptitious slitting open of her pants or panties preparatory to a sexual assault. Defendant argues that this evidence was not admissible under G.S. 8C-1, R. Ev. 404.

### A

Such evidence of other crimes may be admissible *inter alia* as proof of intent, plan or identity. G.S. 8C-1, R. Ev. 404(b). Rule 404 is consistent with prior North Carolina practice. *Id.*, Commentary; *see* 1 H. Brandis, N.C. Evidence, Section 92 at 352 n. 19 (Supp. 1983). Under North Carolina practice, evidence of similar sex crimes has historically been more readily admitted. *See State v. Greene*, 294 N.C. 418, 241 S.E. 2d 662 (1978).

Rule 404 is virtually identical to Federal Rule of Evidence 404, the legislative history of which tends to favor admissibility. 10 J. Moore, Moore's Federal Practice 404.01 [3] (2d ed. 1985). Under the federal rule, evidence of other "signature" crimes, committed in a similar unusual manner, has generally been held ad-

missible. *See United States v. Engleman*, 648 F. 2d 473 (8th Cir. 1981) (complicated murder and mail fraud schemes); *United States v. Woods*, 613 F. 2d 629 (6th Cir. 1980) (use of ski masks, goggles and jumpsuits in armed robberies). Evidence may be admitted even though remote in time, if its "signature" value is high. *Engleman* (thirteen years between crimes). The decision to admit the evidence rests in the discretion of the court upon consideration of the facts supporting relevancy. *Id.* The same rule applies in North Carolina. G.S. 8C-1, R. Ev. 104(a). Under these standards, in light of the unusual *modus operandi* involved in both incidents, the court did not abuse its discretion in admitting this evidence.

B

Our Supreme Court has only recently reached the same result, although without discussing Rule 404(b). *State v. Riddick*, 316 N.C. 127, 340 S.E. 2d 422 (1986). In *Riddick* the Court considered evidence of defendant's commission of similar break-ins and assaults six years earlier in Connecticut. The Court held that this evidence was admissible to show defendant's identity as the perpetrator since it included "unusual facts" also present in the North Carolina crime under consideration. The perpetrator in each instance cut off telephone or power lines and attempted ineptly to handcuff the victim. In each break-in the perpetrator stole fresh fruit from the premises, a circumstance the Court found "most telling." *Id.* The Court rejected defendant's contention that remoteness in time required exclusion of the other crimes evidence:

> Remoteness in time is less important when the other crime is admitted because its *modus operandi* is so strikingly similar to the *modus operandi* of the crime being tried as to permit a reasonable inference that the same person committed both crimes. It is reasonable to think that a criminal who has adopted a particular *modus operandi* will continue to use it notwithstanding a long lapse of time between crimes.

*Id.* at 134, 340 S.E. 2d at 427. *Compare State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982) (evidence not admissible for any purpose, despite "striking similarity" of *modus operandi*, where seven month interval between occurrences). Under *Riddick*, the evidence of the other incident, involving the identical unusual *modus operandi*, was relevant to prove defendant's identity and

hence admissible in this case. Defendant does not contend that the evidence, even if relevant, was so unfairly prejudicial that it should have been excluded anyway, nor does the record so reflect. This assignment is overruled.

We have carefully considered each of defendant's assignments and found them all without merit. No reversible error appears on the face of the record. Defendant received a fair trial.

No error.

Judges MARTIN and COZORT concur.