STATE OF NORTH CAROLINA
v.
BRANDON DWAYNE EASTWOOD
No. COA08-508
Court of Appeals of North Carolina
Filed November 4, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Stanley G. Abrams, for the State.
Brian Michael Aus, for defendant-appellant.
TYSON, Judge.
Brandon Dwayne Eastwood ("defendant") appeals from judgments entered after: (1) a jury found him to be guilty of felonious larceny pursuant to N.C. Gen. Stat. § 14-72(a) and (2) he pleaded guilty to attaining habitual felon status pursuant to N.C. Gen. Stat. § 14-7.1. We find no prejudicial error.

I. Background
On the evening of 4 May 2006, Christopher Andrew Ashley ("Ashley") parked a 1993 Dodge Dakota pick up truck at the home of Lee Brooks ("Brooks"). Ashley left the keys inside the truck while he visited with Brooks. Around 10:30 to 10:45 p.m., Ashley heard the truck start and exit the driveway. Ashley immediately called his brother to make sure that he had not taken the truck. After Ashley determined his brother had not taken the truck, he contacted law enforcement to report the truck as stolen.
Alamance County Sheriff's Department Detective Brandon Jones ("Detective Jones") received a radio report of a stolen truck while on patrol. A short time thereafter, Detective Jones passed a vehicle traveling in the opposite direction that matched the description of the stolen truck. Detective Jones made a U-turn and pursued the truck. Eventually, the driver of the truck pulled into a driveway and exited the truck. The driver identified himself as defendant and told Detective Jones that "somebody named Lee" gave him the truck keys so that he could visit his girlfriend. Ashley informed Detective Jones that he had not given defendant permission to drive the truck.
At trial, Ashley's mother, Nancy Litman ("Litman"), testified that she was the registered owner of the 1993 Dodge Dakota truck and that she permitted Ashley to drive the truck. Litman testified that she purchased the truck in 2004 for $1,500.00 from her daughter-in-law. The prosecutor asked Litman to give her opinion as to the value of the truck and Litman stated "I would say it was over a thousand dollars." When the prosecutor asked if she had checked the "Blue Book on that truck[,]" Litman testified, "[y]es, sir. I looked at it today. It was $2100.00, but I didn't take into account for the paint, and the paint has some peeling." On cross-examination, Litman testified that the truck "was in good mechanical condition" at the time of the incident, but admitted that she did not know if the truck had new tires or the truck's mileage.
The trial court instructed the jury on felonious larceny, misdemeanor larceny, and unauthorized use. After a jury found defendant guilty of felonious larceny, defendant pleaded guilty to attaining habitual felon status. The trial court sentenced defendant to a minimum of 80 and a maximum of 105 months imprisonment. Defendant appeals.

II. Issues
Defendant argues the trial court erred: (1) in allowing Litman to testify that the value of the truck was over $1,000.00 and (2) in denying his request for special jury instructions on the definition of "value," as the term is used in the crime of felonious larceny.

III. Litman's Testimony
Defendant did not object to Litman's testimony that the value of the truck was over $1,000.00, and asks this Court to review for plain error.
The North Carolina Supreme Court has allowed review of such "unpreserved issues for plain error when . . . the issue involves either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence." State v. Cummings, 346 N.C. 291, 313-14, 488 S.E.2d 550, 563 (1997), cert. denied, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998). Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" State v. Odom, 307 N.C.655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)).
As to evidence of value, this Court has said:
The general rule in North Carolina is that a witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific personal property. "[I]t is not necessary that the witness be an expert; it is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it." 1 Stansbury's N.C. Evidence § 128 at 408 (Brandis rev. 1973); State v. Cotten, 2 N.C. App. 305, 163 S.E. 2d 100 (1968).
State v. Boone, 39 N.C. App. 218, 221, 249 S.E.2d 817, 820 (1978), modified on other grounds, 297 N.C. 652, 256 S.E.2d 683 (1979).
Here, the evidence tended to show: (1) Litman purchased the truck for $1,500.00 two years prior to the theft; (2) the truck was in good mechanical condition at the time of the theft; (3) Litman still owned the truck at the time of trial; and (4) about eighteen months after the theft, she determined the Blue Book value of the truck was $2,100.00. Contrary to defendant's assertion, Litman had "knowledge of value gained from experience, information and observation" to state a value for the truck. Id. The trial court did not commit any error in admitting Litman's testimony regarding the value of the truck. This assignment of error is overruled.

IV. Request for Special Jury Instruction
Defendant also argues the trial court erred in denying his request for special jury instructions on the definition of "value,"as the term is used in the crime of felonious larceny. During the charge conference, defendant requested in writing the following addition to the pattern instruction as to the term "value":
The appropriate measure of value of the property is the price which the subject of the larceny, a 1993 Dodge Dakota truck would bring in the open market, it's market value or it's reasonable selling price at the time and place of the taking and the condition in which it was at the time.
Instead of giving the requested instruction, the trial court instructed that an essential element of felonious larceny is that the "property was worth more than $1,000 . . . ." pursuant to the pattern jury instructions.
When a defendant presents a request for a special jury instruction, that request must be granted if warranted by the facts of the case and if the requested instruction accurately states the law. State v. Golden, 143 N.C. App. 426, 434, 546 S.E.2d 163, 168 (2001). Defendant correctly notes the term "value" as used in N.C. Gen. Stat. § 14-72(a) refers to fair market value, not replacement cost.State v. Dees, 14 N.C. App. 110, 112, 187 S.E.2d 433, 435 (1972); see also State v. Morris, 79 N.C. App. 659, 661, 339 S.E.2d 834, 835 ("The proper measure of value is the price the stolen goods would bring in the open market in the condition they were in at the time they were stolen, not their replacement value."), rev'd on other grounds, 318 N.C. 643, 350 S.E.2d 91 (1986).
Defendant argues that had the jury been provided guidance as to how to value the truck, there would have been a "reasonable possibility" that the jury would have found him guilty of misdemeanor larceny. We disagree.
The jury was required to determine if the market value of the truck exceeded $1,000.00 and the trial court instructed the jury to determine if the "worth" of the truck exceeded $1,000.00. The jury heard testimony that the truck was purchased for $1,500.00 two years prior to the theft and that the Blue Book value for the truck was $2,100.00 eighteen months after the theft. Litman did not testify about the cost to replace the truck. Defendant has failed to show that there is a reasonable possibility a different result would have occurred at trial if defendant's instruction had been given verbatim. N.C. Gen. Stat. § 15A-1443 (2007). This assignment of error is overruled.

V. Conclusion
The trial court properly admitted Litman's testimony to establish the value of the stolen vehicle. While the jury instruction requested by defendant on "value" was not given, the trial court's failure to do so did not constitute prejudicial error. The trial court properly instructed on the elements set forth in the pattern jury instructions. Defendant received a fair trial, free from prejudicial error he preserved, assigned and argued.
No prejudicial error.
Judges BRYANT and ARROWOOD concur.
Report per Rule 30(e).